PER CURIAM.
We reverse an order granting appellee’s Rule 3.850 motion. Appellee has successfully completed his probation and is no longer in custody, which precludes relief under Rule 3.850. Further, any possibility that appel-lee’s failed Rule 3.850 motion could be treated as a petition for writ of error coram nobis is barred by laches.
Appellee, William Elise, a permanent legal resident of the United States, pled guilty to possession of cocaine and was sentenced to three years probation and community service. During the plea colloquy the trial judge did not inform appellee that the plea agreement could subject him to deportation. After successfully completing his probation, appellee was detained by Immigration and Naturalization Services for deportation. More than two years after his judgment and sentence became final appellee filed a Rule 3.850 motion seeking to have his plea and sentence vacated based on the trial court’s failure to orally inform him of the deportation consequences of his plea agreement. Without waiting for the state’s response be *1031 cause appellee was scheduled for deportation, the trial court granted appellee’s Rule 3.850 motion. The state’s motion for rehearing was denied and this appeal follows.
A defendant seeking post-conviction relief under a Rule 3.850 motion must be “in custody.” See Fla. R.Crim. P. 3.850(a)(1998). Although probationary status is considered custody for purposes of a Rule 3.850 motion, here the appellee’s probation was completed prior to filing the Rule 3.850 motion. As such, we conclude the appellee is ineligible for post-conviction relief under Rule 3.850.
While we have considered the possibility of treating appellee’s Rule 3.850 motion as a petition for writ of error coram nobis, such a petition is time barred based upon this Court’s recent decision in State v. Taylor, 722 So.2d 890 (Fla. 4th DCA 1998)(petition for coram nobis filed more than two years after judgment and sentence become final is barred by laches.) However, on remand the appellee should be given the opportunity to seek coram nobis relief if he is able to satisfy the “new facts” exception under Rule 3.850(b).
Accordingly, we reverse and remand to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
GUNTHER, WARNER and STEVENSON, JJ., concur.