546 So.2d 1037 (1989)
James Joseph RICHARDSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 73435.
Supreme Court of Florida.
June 29, 1989.
Rehearing Denied September 8, 1989.
Ellis S. Rubin of Rubin, Rubin & Fuqua, P.A., Miami, for petitioner.
Earl Moreland, State Atty., Twelfth Judicial Circuit, Bradenton, Frank Schaub, State Atty. (Retired), and Richard W. Seymour, Asst. State Atty., Twelfth Judicial Circuit, Bradenton, and Robert A. Butterworth, Atty. Gen., and Peggy A. Quince, Asst. Atty. Gen., Tampa, for respondent.
EHRLICH, Chief Justice.
Richardson seeks leave to apply to the circuit court for a writ of error coram nobis. We have jurisdiction. Art. V, § 3(b)(7), Fla. Const. We deny Richardson's application, with leave to file a motion in the trial court pursuant to rule 3.850, Florida Rules of Criminal Procedure.
In 1968, Richardson was convicted of first-degree murder in the poisoning death of his stepdaughter. The victim, along with six other children, three of whom were Richardson's natural children, became ill after eating lunch at home while their parents were away at work. All seven children died, and showed evidence of having ingested large quantities of the poison parathion. The poison had been placed in almost all of the food which the children might have eaten for lunch. Richardson's conviction and death sentence were affirmed by this Court in Richardson v. State, 247 So.2d 296 (Fla. 1971). His death sentence was later converted to life imprisonment without possibility of parole for twenty-five years, pursuant to the United States Supreme Court's decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).
Now, twenty years after his original conviction, Richardson seeks to vacate that judgment by obtaining a writ of error coram nobis, alleging the discovery of facts unknown to the court, the defendant, or counsel at trial. The alleged newly discovered evidence in this case includes evidence of perjury by prosecution witnesses with the knowledge of the prosecution, evidence of the suppression of evidence by the prosecution, the recantation of prosecution witness James Weaver, and other evidence.
Traditionally, a defendant seeking a new trial on the basis of evidence discovered after his conviction has been affirmed on appeal has been required to first apply to the appellate court for leave to petition the trial court for a writ of error coram nobis. See, e.g., Smith v. State, 400 So.2d 956, 960 (Fla. 1981). However, we believe that Florida Rule of Criminal Procedure 3.850 has supplanted the writ of error coram nobis, and that all of Richardson's claims based on newly discovered evidence should be brought under rule 3.850.
Florida Rule of Criminal Procedure 3.850 was adopted in 1963 as Criminal Procedure Rule No. 1 to "provide a complete and efficacious post-conviction remedy to correct convictions on any grounds which subject them to collateral attack." Roy v. *1038 Wainwright, 151 So.2d 825, 828 (Fla. 1963) (emphasis added). See also State v. Matera, 266 So.2d 661, 663 (Fla. 1972). The rule by its terms expressly lists as proper grounds for its invocation where "the sentence is otherwise subject to collateral attack." A writ of error coram nobis, like the writ of habeas corpus, is a form of collateral attack. The rule was copied almost verbatim from its federal counterpart, section 2255 of Title 28 of the United States Code, in effect since 1948. Id. As this Court noted in State v. Matera, "[t]he Reviser's Note following § 2255 states: "This section restates, clarifies and amplifies the procedure in the nature of the ancient writ of error coram nobis.'" Id. (emphasis added). It therefore appears that from the beginning this rule was intended to serve the function of a writ of error coram nobis.
Further, as this Court recently noted in State v. Bolyea, 520 So.2d 562, 563 (Fla. 1988), rule 3.850 "was designed to simplify the process of collateral review and prescribe both a fact-finding function in the lower courts and a uniform method of appellate review." (Citation omitted.) Coram nobis is a cumbersome process where the petitioner first applies to the appellate court for leave to file in the trial court. The requirements for an application to the appellate court are set out in Hallman v. State, 371 So.2d 482, 484-85 (Fla. 1979):
A petition for this writ addressed to the appellate court must disclose fully the alleged facts relied on; mere conclusory statements are insufficient. The appellate court must be afforded a full opportunity to evaluate the alleged facts for itself and to determine whether they establish prima facie grounds. Furthermore, the petition should assert the evidence upon which the alleged facts can be proved and the source of such evidence... . The facts upon which the petition is based must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence.
... .
The general rule repeatedly employed by this Court to establish the sufficiency of an application for writ of error coram nobis is that the alleged facts must be of such a vital nature that had they been known to the trial court, they conclusively would have prevented the entry of the judgment.
(Citations omitted; emphasis in original.)
If the appellate court determines that the application is legally sufficient, "the next step is for the trial court to determine the truth of the allegations in an appropriate evidentiary hearing." Id. If those facts are proved to the trial court's satisfaction, the judgment is vacated and a new trial is ordered. See Smith, 400 So.2d at 960 ("The appropriate first step for a defendant seeking a new trial on the basis of new evidence ... is a petition to the appellate court for leave to file a petition for error coram nobis." (Emphasis added.)); Russ v. State, 95 So.2d 594, 601 (Fla. 1957) ("We therefore hold that, if found to be true in appropriate proceedings, the allegations of the petition are sufficient to vitiate the verdict, judgment and sentence and entitle Russ to a new trial." (Emphasis added.)); see also 28 Fla.Jur.2d Habeas Corpus § 169 (1981); 18 Am.Jur.2d Coram Nobis § 39 (1985). This is the same relief available under rule 3.850. Holding that newly discovered evidence claims are properly brought under rule 3.850 would further the purpose of the rule to streamline the post-conviction appeals process.
The 1984 amendment to rule 3.850, while not making any substantive changes, implicitly recognized that a motion pursuant to rule 3.850 is the appropriate place to bring newly discovered evidence claims by including, as one of the exceptions to the two-year time limitation for bringing claims under the rule, situations where "the facts upon which the claim is predicated were unknown to the movant or his attorney and could not have been ascertained by the exercise of due diligence." The Florida Bar re Amendment to Rules of Criminal Procedure, 460 So.2d 907, 907 (Fla. 1984). The writ of error coram nobis is only concerned with questions of fact, Hallman, *1039 371 So.2d at 485, and the trial court is best equipped to make factual determinations. The procedure under rule 3.850 logically places fact questions in the trial court first, where they belong.
Just as rule 3.850 has absorbed many of the claims traditionally brought under habeas corpus, it has also absorbed some types of newly discovered evidence claims. For example, claims based on alleged knowing use of perjury are currently cognizable in a motion pursuant to rule 3.850, even if based on newly discovered evidence. See Matera, 266 So.2d at 663. Claims of the suppression of evidence by the prosecution, which are in essence alleged violations of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), are also properly brought under rule 3.850, not in an application for a writ of error coram nobis. Smith, 400 So.2d at 962-63.
There is no principled reason why some claims based on newly discovered evidence must be brought under rule 3.850 and others must be brought under coram nobis. We believe the only currently viable use for the writ of error coram nobis is where the defendant is no longer in custody, thereby precluding the use of rule 3.850 as a remedy. See Dequesada v. State, 444 So.2d 575, 576 (Fla. 2d DCA 1984); 28 Fla.Jur.2d Habeas Corpus § 158 (1981).
For these reasons, we hold that all newly discovered evidence claims must be brought in a motion pursuant to Florida Rule of Criminal Procedure 3.850, and will not be cognizable in an application for a writ of error coram nobis unless the defendant is not in custody. We recede from Hallman and its progeny to the extent inconsistent with this holding. Therefore, we deny Richardson's application for leave to petition for a writ of error coram nobis. Richardson may, however, file a motion pursuant to Florida Rule of Criminal Procedure 3.850 in the trial court for all claims which are properly cognizable under that rule.[1],[2]
It is so ordered.
OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., Concur.
McDONALD, J., Dissents with an opinion.
McDONALD, Justice, dissenting.
As described in footnote 2 of the majority opinion, Richardson has been granted a new trial. Because of this, I would dismiss this petition as being moot. Because it was not fully argued, I would not discuss or rule upon the merger of the doctrine of writ of error corum nobis and a Florida Rule of Criminal Procedure 3.850 motion.
NOTES
[1] We note that Richardson is not procedurally barred from filing a motion pursuant to rule 3.850 for claims which satisfy the exception from the time limitation for claims based on alleged facts which "were unknown to the movant or his attorney and could not have been ascertained by the exercise of due diligence." Fla.R.Crim.P. 3.850.
[2] While this action was pending, the Attorney General filed a motion requesting that this Court relinquish jurisdiction to the Twelfth Judicial Circuit because Richardson had filed a rule 3.850 motion in that court. We denied that motion, retained jurisdiction, but authorized the circuit court to hear the rule 3.850 motion. In an order dated May 2, 1989, nunc pro tunc April 25, 1989, Judge Clifton Kelly vacated Richardson's judgment and sentence, and granted Richardson a new trial.