PER CURIAM.
Walter Lamar Wilson filed a petition for writ of error coram nobis with this court in 1988 (Case # 89-334). He attached an affidavit dated January 30, 1987, in which his half-brother stated that Wilson was not the man who murdered and robbed Jean Hensley on August 26, 1981, contrary to the half-brother’s testimony at trial. We rejected Wilson’s petition in February of 1989.
Wilson then raised the same issue in a petition for writ of habeas corpus filed in the supreme court, which the court denied in June of 1989 without prejudice to his filing a Rule 3.850 motion. This denial was presumably based on the ground that the court recently eliminated the option of filing coram nobis petitions, holding that the Rule 3.850 motion shall serve as the vehicle for challenging convictions based upon newly discovered evidence. Richardson v. State, 546 So.2d 1037 (Fla.1989).
Wilson thereafter filed a Rule 3.850 motion with the trial court, again raising the same issue of recantation. The trial court construed the motion as a petition for writ of error coram nobis and summarily dismissed it, stating that the court lacked jurisdiction because a coram nobis petition must be filed with the appellate court. This appeal ensued.
Although Wilson properly filed a 3.850 motion pursuant to Richardson, rather than a coram nobis petition, and the trial court’s dismissal on this ground was erroneous, we nevertheless affirm the dismissal of Wilson’s motion. Wilson did not allege any facts that this court had not already considered when we rejected his previous petition for writ of error coram nobis in 1989.
AFFIRMED.
ERVIN and NIMMONS, JJ., and THOMPSON, FORD L. (Ret.), Associate Judge, concur.