605 So.2d 945 (1992)
Vernal Earle MALCOLM, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1806.
District Court of Appeal of Florida, Third District.
September 29, 1992.
*946 Blake & Lida and Amy Agnoli, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Jacqueline M. Valdespino, Asst. Atty. Gen., for appellee.
Before HUBBART, COPE and GERSTEN, JJ.
HUBBART, Judge.
Vernal Earle Malcolm appeals the trial court's denial of his petition for a writ of error coram nobis. We reverse.

I
On January 31, 1983, Malcolm was charged by information before the trial court with (1) unlawful possession of a firearm by a convicted felon, § 790.23, Fla. Stat. (1981); and (2) unlawful possession of marijuana, § 893.13(1)(f), Fla. Stat. (1981). As to count one, the information alleged that Malcolm "had previously been convicted of a felony in a court of this State, to wit: a conviction on October 29, 1980, for the felony crime of unlawful sale of cannabis... ." (R.1); count II of the information contained no allegation as to the quantity of marijuana possessed. On May 3, 1983, Malcolm entered a plea of guilty as charged to these offenses and, through counsel, stipulated that there was a factual basis for this plea, namely, that the state could make a prima facie case against him. The trial court adjudicated the defendant guilty of felonies on both counts and placed Malcolm on two-years probation; on a subsequently filed affidavit charging a violation of probation, the trial court found Malcolm in violation of his probation and extended the probationary period for one year, terminating May 10, 1986. Malcolm served out this extended probationary period without apparent incident. No appeal was ever taken by the defendant from this conviction.
On July 12, 1990, after his probation had expired, Malcolm filed a petition for a writ of error coram nobis in the trial court seeking (1) to set aside his conviction for unlawful possession of a firearm by a convicted felon on the ground of an alleged factual mistake, namely, that he was not, in fact, a convicted felon as alleged in the information, and (2) to correct a scrivener's error in his judgment of conviction for unlawful possession of marijuana to reflect that the subject conviction was for a first-degree misdemeanor, not a third-degree felony. It was alleged that on October 23, 1980, the defendant was convicted as charged, after *947 a jury trial, of (1) the felony offense of unlawful sale of less than twenty grams of marijuana,[1] [§ 893.13(1)(a)(2), Fla. Stat. (1979)], and (2) the misdemeanor offense of unlawful possession of less than twenty grams of marijuana [§ 893.13(1)(f), Fla. Stat. (1979)]; that, on appeal, these convictions were reversed and remanded for a new trial by this court, Malcolm v. State, 415 So.2d 891 (Fla. 3d DCA 1982); and that, upon remand, the defendant, on September 28, 1982, entered a plea of guilty to both counts of the information, whereupon the trial court on the same day (a) withheld adjudication of guilt as to the felony offense of unlawful sale of not more than twenty grams of marijuana and placed the defendant on one-year probation, terminable immediately, so that the defendant was never convicted of this felony offense, see Castillo v. State, 590 So.2d 458, 460-61 (Fla. 3d DCA 1991), and (b) entered a suspended sentence on the misdemeanor of unlawful possession of less than twenty grams of marijuana. Attached to the petition was (a) a copy of the information in this case, (R.55), (b) the clerk's minutes reflecting the entry of the 1982 guilty plea, the withhold of adjudication on the felony charge, the suspended sentence on the misdemeanor charge (R.54), and (c) the order placing the defendant on probation (R.57); this record fully supports the facts alleged in the petition, which facts were not disputed by the state below.
The trial court conducted a hearing on the petition and thereafter entered an order denying the petition on two grounds: (1) the error complained of was one of law, not of fact, which a writ of error coram nobis does not lie to correct, and (2) even if considered a factual error, the petition was not timely filed. Malcolm appeals.

II
The law is clear that "the only currently viable use for the writ of error coram nobis is where the defendant [as here] is no longer in custody [on the sentence which he/she collaterally attacks], thereby precluding the use of rule 3.850 as a remedy." Richardson v. State, 546 So.2d 1037, 1039 (Fla. 1989). A petition for a writ of error coram nobis must be filed in the original trial court, rather than the appellate court, where, as here, there has been no appeal taken from the judgment and sentence sought to be vacated; otherwise, the petition must be filed in the appellate court which affirmed the defendant's conviction. State v. Woods, 400 So.2d 456, 457 (Fla. 1981); Hallman v. State, 371 So.2d 482, 484-85 (Fla. 1979).
It is well settled in Florida that the function of a writ of error coram nobis is to correct fundamental errors of fact, and that the writ is not available to correct errors of law. In order to be legally sufficient, the petition for a writ of error coram nobis must, therefore, allege specific facts of such a vital nature that had they been known to the trial court, they conclusively would have prevented the entry of the judgment and sentence attacked; the petition must also assert the evidence upon which the alleged facts can be proved and the source of such evidence. The facts upon which the petition is based must have been unknown to the trial court, the defendant, and defense counsel at the time of trial; and it must appear that the defendant or his/her counsel could not have known such facts by the use of due diligence. Woods, 400 So.2d at 457; Hallman, 371 So.2d at 484-85.
A classic example of a proper use of a writ of error coram nobis is where new facts or evidence are uncovered since the entry of the judgment of conviction and sentence being attacked, which facts conclusively establish that the defendant is innocent of the crime for which he/she has been convicted. Ex parte Welles, 53 So.2d 708 (Fla. 1951). As eloquently stated by the Court in Welles,

*948 "The very essence of judicial trial is a search for the truth of the controversy. When the truth is discovered, the pattern for dispensing justice is obvious. All that we are importuned to do at this time is to open the way for the trial court to examine and correct its record with reference to a vital fact not known to the court when the judgment of conviction was entered. Due process and equal protection are governed by rule of Court, the criteria by which it is determined being fairness, reasonableness and justice. When one is faced with a five year sentence to the penitentiary for a crime he did not commit, his conviction being due solely to mistaken identity, this court should not quibble over trifles in devising a formula to correct the injustice. The strength of our jurisprudence is due to the fact that it readily accommodates itself to all classes of controversies. Justice is its dominating purpose and we are led to that by rules of procedure. They are not sacrosanct, in fact, when they fail to lead to justice, the time for change has arrived."
Id. at 711-12. Also, a writ of error coram nobis is available to correct an error in the court's record caused by a default in the performance of duty by ministerial officers. Russ v. State, 95 So.2d 594, 597 (Fla. 1957); Lamb v. State, 91 Fla. 396, 107 So. 535, 537 (1926).

III
Turning to the instant case, we have no trouble in concluding that the trial court should have granted Malcolm's petition for a writ of error coram nobis. Without dispute, Malcolm chose the correct remedy of a petition for a writ of error coram nobis to collaterally attack his convictions, rather than a motion to vacate under rule 3.850 of the Florida Rules of Criminal Procedure, because he is no longer serving the sentence which he attacks, Richardson; moreover, he properly filed his petition in the trial court, as there was no appeal taken from the convictions being collaterally attacked, Woods.
More to the point, however, Malcolm's petition alleges undisputed vital facts, which the record fully supports, establishing beyond peradventure that he is innocent of one of the crimes for which he was convicted, a classic case for coram nobis relief. Welles. Malcolm was convicted of unlawful possession of a firearm by a convicted felon [§ 790.23, Fla. Stat. (1983)] when, in fact, he concededly was not a convicted felon. The prior felony conviction alleged in the information, to wit: an October 29, 1980 felony conviction for sale of marijuana, was, in fact, reversed on appeal by this court and remanded for a new trial, following which the defendant pled guilty to the charge and the trial court withheld adjudication of guilt; this means that the defendant was never convicted of this felony, and that, accordingly, he could not, as we have squarely held, be convicted of unlawful possession of a firearm by a convicted felon based on such a withhold of adjudication. Castillo v. State, 590 So.2d 458, 460-61 (Fla. 3d DCA 1991). This being so, the trial court erred in denying the instant petition for writ of error coram nobis on the subject firearm conviction, as it should have been granted to correct this conceded miscarriage of justice. Welles.
In so ruling, we recognize that one of the requirements for a writ of coram nobis has, arguably, not been met in this case. Although the trial court was unaware of the fundamental factual error in this case when it accepted Malcolm's guilty plea in May 1983, and obviously so were Malcolm and his counsel else a guilty plea would not have been entered, it could be plausibly asserted that Malcolm or his counsel should have discovered this error at the time with the use of due diligence, a prerequisite for obtaining coram nobis relief. Hallman. In this case, however, we believe the interests of justice require us to relax this requirement so that the conviction of an innocent man may be corrected. Welles. As was stated by this court in Hanson v. State, 187 So.2d 54, 55 (Fla. 3d DCA 1966), in relaxing a similar requirement of due diligence when newly discovered evidence was relied upon for a post-trial motion for new trial, "it is better to bend a rule of *949 procedure than to use the rule to convict an innocent person." Plainly, Malcolm is innocent of the firearm crime for which he was convicted and this compelling factor requires us to relax the due diligence requirement for coram nobis relief. See also McCallum v. State, 559 So.2d 233, 235 (Fla. 5th DCA 1990).
Beyond that, it is clear that the clerk misperformed a ministerial duty when he/she recorded the defendant's 1983 judgment of conviction for unlawful possession of marijuana as a third-degree felony. Because the information did not allege the quantity of marijuana possessed to be more than twenty grams, it is clear that the defendant was charged and convicted of the first-degree misdemeanor offense of unlawful possession of marijuana [§ 893.13(1)(f), Fla. Stat. (1981)]. Cooper v. State, 512 So.2d 1071, 1073 n. 2 (Fla. 1st DCA 1987); Davis v. State, 371 So.2d 721 (Fla. 1st DCA 1979); Pope v. State, 268 So.2d 173 (Fla. 2d DCA), cert. discharged, 283 So.2d 99 (Fla. 1973). This being so, a writ of error coram nobis clearly lies to correct this patent error in the record caused by the clerk. Russ; Lamb.
Finally, we cannot agree with the trial judge that the instant petition was untimely filed. Unlike the general two-year time limitation for filing a motion to vacate under rule 3.850 of the Florida Rules of Criminal Procedure, there is no express time limitation for filing a petition for writ of error coram nobis, particularly where, as here, the trial court is asked to correct a miscarriage of justice or a mere scrivener's error. Nor are we persuaded by the state's argument that the instant petition is barred by laches because, we conclude, the state has in no sense been prejudiced by the delay in filing the subject petition; moreover, it is settled that the mere passage of time, standing alone, cannot constitute the prejudice necessary to support a finding of laches. Weir v. State, 319 So.2d 80 (Fla. 2d DCA 1975).
For the above-stated reasons, the order under review is reversed and the cause is remanded to the trial court with directions to grant Malcolm's petition for writ of error coram nobis.
Reversed and remanded.
NOTES
[1] The information also charged, in the alternative, a delivery without consideration of the same quantity of marijuana, which delivery is a first-degree misdemeanor [§ 893.13(1)(f), Fla. Stat. (1979)]. We treat such alternative misdemeanor allegations, however, as "mere surplusage" inasmuch as the sale of marijuana allegations clearly charged a felony. See Fike v. State, 474 So.2d 1192 (Fla. 1985).