698 So.2d 293 (1997)
Robert Earl WOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4336.
District Court of Appeal of Florida, First District.
July 11, 1997.
Rehearing Denied August 22, 1997.
Robert Earl Wood, Marianna, Pro Se.
Robert Butterworth, Attorney General, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, Judge.
The appellant challenges an order by which the trial court denied his petition for a writ of error coram nobis because it was filed beyond the two-year time period specified in Florida Rule of Criminal Procedure 3.850. We affirm the order, but we certify conflict with Malcolm v. State, 605 So.2d 945 (Fla. 3d DCA 1992).
In 1996, the appellant filed a petition for a writ of error coram nobis in which he challenged two 1988 convictions. The appellant apparently sought a writ of error coram nobis rather than relief under rule 3.850 because he had completed his sentence for the 1988 convictions and was no longer "in custody" as required for relief under the rule. Because the petition was filed more than two years after the 1988 convictions became final, the trial court denied the petition as untimely.
In light of the supreme court's decision in Richardson v. State, 546 So.2d 1037 (Fla.1989), virtually all claims formally cognizable by petition for writ of error coram nobis may now be presented only under rule 3.850 which contains a requirement that the motion be filed within two years after the judgment and sentence become final. The *294 only apparent continuing application for the writ of error coram nobis is in the situation where the petitioner would have a viable claim under rule 3.850 but for the "in custody" requirement. A petition for a writ of error coram nobis therefore must satisfy the two-year limitation of rule 3.850. If the two-year limitation were not applied to petitions for writs of error coram nobis, they could be used to circumvent the rule. By analogy, the case law precludes resort to a petition for writ of habeas corpus to pursue the timebarred claims of persons who are in custody. See, e.g., Patterson v. State, 664 So.2d 31 (Fla. 4th DCA 1995); Robbins v. State, 564 So.2d 256 (Fla. 1st DCA 1990).
Because the appellant's petition in the present case was filed beyond the two-year time limitation, it was properly denied as untimely. See Vonia v. State, 680 So.2d 438 (Fla. 2d DCA 1996).
We recognize that the court in Malcolm expressly held that a petition for writ of error coram nobis is not subject to the two-year time limitation. We therefore certify conflict with Malcolm.
AFFIRMED.
WEBSTER and PADOVANO, JJ., concur.