722 So.2d 890 (1998)
STATE of Florida, Appellant,
v.
Robert TAYLOR, Appellee.
No. 98-0698.
District Court of Appeal of Florida, Fourth District.
December 2, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, for appellant.
Richard Jorandby, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellee.
PER CURIAM.
We reverse an order granting Appellee's petition for writ of error coram nobis. The relief sought, filed more than two years after Appellee was placed on probation in May 1994, is barred by laches. The probation terminated in August, 1995.
Appellee sought relief challenging the adequacy of the trial court warning as to the potential deportation consequences of his plea. Appellee pursues relief by way of this petition because it is the only viable basis for doing so, since he is not in custody, he is not authorized to seek post-conviction relief under Florida Rules of Criminal Procedure Rule 3.850. Wood v. State, 698 So.2d 293 (Fla. 1st DCA 1997), rev. granted, 705 So.2d 571 (Fla.1998).
This court has recently applied laches to bar a coram nobis petition in Gregersen v. State, 714 So.2d 1195 (Fla. 4th DCA 1998). There, however, the basis for the laches was the more familiar circumstance involving prejudice to the opposing party by virtue of the lengthy passage of time. Here, laches arises solely by virtue of failing to satisfy the two year time limit under rule 3.850(b). The First and Second Districts have recognized *891 that coram nobis petitions filed more than two years after the conviction and sentence have become final are presumed to be barred by laches, subject to the exceptions recognized under the rule. Wood; Vonia v. State, 680 So.2d 438 (Fla. 2d DCA), rev. denied, 672 So.2d 544 (Fla.1996).
We also reject Appellee's argument that his conviction did not become final for these purposes until the date his probation terminated. We need not address whether the plea colloquy in this case was sufficient, or the related issues now before the supreme court in Wood and Peart v. State, 705 So.2d 1059 (Fla. 3d DCA 1998), rev. granted, 722 So.2d 193 (Fla.1998), as those issues are now moot. However, as Appellee had no opportunity in the trial court to address whether he could meet the "new facts" exception under rule 3.850(b), he should be afforded the opportunity, if requested on remand, to do so.
STONE, C.J., SHAHOOD and GROSS, JJ., concur.