750 So.2d 592 (1999)
Robert Earl WOOD, Petitioner,
v.
STATE of Florida, Respondent.
No. 91,333.
Supreme Court of Florida.
May 27, 1999.
Bruce S. Rogow and Beverly A. Pohl of Bruce S. Rogow, P.A., Fort Lauderdale, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, Florida, for Respondent.
SHAW, J.
We have for review Wood v. State, 698 So.2d 293 (Fla. 1st DCA 1997), wherein the district court certified conflict with Malcolm v. State, 605 So.2d 945 (Fla. 3d DCA 1992). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We quash the Wood decision, although we approve of the reasoning contained therein as explained below.
Robert Earl Wood was arrested on October 5, 1987, and charged with reckless driving and possession of cocaine. He pled nolo contendere to the charges in 1988. The court withheld adjudication and placed him on probation, which he completed in March 1992. A federal trial court subsequently adjudicated him guilty of drug charges and imposed an enhanced sentence of concurrent 240- and 120-month terms because his 1988 plea counted as a prior offense under federal law.
In 1998 and while in federal prison, Wood filed a pro se petition for a writ of error coram nobis in Florida circuit court, seeking to have his 1988 plea set aside. *593 He asserted that his lawyer did not tell him at the time he entered the plea that it could be used against him in federal court as a "prior offense." Wood sought a writ of error coram nobis rather than relief under Florida Rule of Criminal Procedure 3.850 because he had completed his sentence for the 1988 convictions and no longer considered himself "in custody" as required under the rule.[1] The circuit court found that Wood met the "in custody" requirement, considered the petition a motion under rule 3.850, and denied it as time-barred. The district court affirmed and certified conflict with Malcolm, wherein the court held that "[u]nlike the general two-year time limitation for filing a motion to vacate under rule 3.850 ... there is no express time limitation for filing a petition for writ of error coram nobis." 605 So.2d at 949. Wood sought review before this Court and we appointed counsel to represent him on the issue of whether writs of error coram nobis are subject to the time limitations contained in rule 3.850.
This Court in Hallman v. State, 371 So.2d 482 (Fla.1979), described the contours of the writ of error coram nobis, an ancient writ designed to correct judgments and sentences based on errors of fact:
The requirements of a writ of error coram nobis have been set out in numerous cases from this Court. A petition for this writ addressed to the appellate court must disclose fully the alleged facts relied on; mere conclusory statements are insufficient. The appellate court must be afforded a full opportunity to evaluate the alleged facts for itself and to determine whether they establish prima facie grounds. Furthermore, the petition should assert the evidence upon which the alleged facts can be proved and the source of such evidence. The function of a writ of error coram nobis is to correct errors of fact, not errors of law. The facts upon which the petition is based must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence.
In considering a petition for writ of error coram nobis, the appellate court has the responsibility to determine the legal effect of the facts alleged upon the previously entered judgment. When the appellate court finds that the facts are sufficient in legal effect, the next step is for the trial court to determine the truth of the allegations in an appropriate evidentiary hearing.
The general rule repeatedly employed by this Court to establish the sufficiency of an application for writ of error coram nobis is that the alleged facts must be of *594 such a vital nature that had they been known to the trial court, they conclusively would have prevented the entry of the judgment.... This traditional "conclusiveness test" in error coram nobis proceedings is predicated on the need for finality in judicial proceedings. This is a sound principle, for litigants and courts alike must be able to determine with certainty a time when a dispute has come to an end.
Id. at 484-85 (citations and emphasis omitted).[2]
We subsequently held that rule 3.850 was patterned after the writ of error coram nobis and largely supplanted the writ for criminal defendants in custody:
The rule was copied almost verbatim from its federal counterpart, section 2255 of Title 28 of the United States Code, in effect since 1948. As this court noted in State v. Matera[, 266 So.2d 661 (Fla.1972)], "[t]he Reviser's Note following § 2255 states: `This section restates, clarifies and amplifies the procedure in the nature of the ancient writ of error coram nobis.'" It therefore appears that from the beginning this rule was intended to serve the function of a writ of error coram nobis.
. . . .
There is no principled reason why some claims based on newly discovered evidence must be brought under rule 3.850 and others must be brought under coram nobis. We believe the only currently viable use for the writ of error coram nobis is where the defendant is no longer in custody, thereby precluding the use of rule 3.850 as a remedy.
For these reasons, we hold that all newly discovered evidence claims must be brought in a motion pursuant to Florida Rule of Criminal Procedure 3.850, and will not be cognizable in an application for a writ of error coram nobis unless the defendant is not in custody.
Richardson v. State, 546 So.2d 1037, 1038-39 (Fla.1989) (citations and emphasis omitted).
The district court in the present case interpreted the above language in Richardson thusly:
In light of the supreme court's decision in [Richardson], virtually all claims formally [sic] cognizable by petition for writ of error coram nobis may now be presented only under rule 3.850, which contains a requirement that the motion be filed within two years after the judgment and sentence become final. The only apparent continuing application for the writ of error coram nobis is in the situation where the petitioner would have a viable claim under rule 3.850 but for the "in custody" requirement. A petition for a writ of error coram nobis therefore must satisfy the two-year limitation of rule 3.850. If the two-year time limitation were not applied to petitions for writs of error coram nobis, they could be used to circumvent the rule.
Wood, 698 So.2d at 293-94. The State contends that the district court was correct in concluding that unless the time limits contained in rule 3.850 are applied to petitions for writ of error coram nobis, the writ could be used to circumvent the rule. We agree with the district court's conclusion for the reasons set forth in this opinion.
As we explained in Richardson, the writ and rule are intended to serve the same purpose. The time limits for filing a rule 3.850 motion are as follows:
(b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment *595 and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that
(1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or
(2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.
Fla. R.Crim. P. 3.850. Given the similarity of purpose between the rule and the writ, we conclude that the above time limits shall be applicable to petitions for writ of error coram nobis.
Limiting claims cognizable under coram nobis to the same time limit that is applied to rule 3.850 motions places both such claimants on equal footing and prevents unwarranted circumvention of the rule. We hasten to add that the discovery of facts giving rise to a coram nobis claim will continue to be governed by the due diligence standard, see Hallman, 371 So.2d at 485("[I]t must appear that defendant or his counsel could not have known [of the alleged facts] by the use of diligence."), and that coram nobis claims cannot breath life into postconviction claims that have previously been held barred. See Vonia v. State, 680 So.2d 438, 439 (Fla. 2d DCA 1996)("[T]he writ of error coram nobis cannot be used by a person no longer in custody to breathe life into a postconviction claim previously time barred.").
Wood's petition is not time-barred since this Court is only now applying this limitation period to writs of error coram nobis. However, this decision shall apply to all defendants adjudicated guilty after the date this decision is filed, while all defendants adjudicated prior to this opinion shall have two years from the filing date within which to file claims traditionally cognizable under coram nobis. Accordingly, we quash Wood and remand the case for further proceedings.[3]
Recognizing the similarity of the writ of error coram nobis and rule 3.850 relief, we hereby amend the rule by deleting the "in custody" requirement so that both custodial and noncustodial movants may rely on and be governed by the rule, thereby eliminating the need for the writ. By extending rule 3.850 relief to noncustodial claimants, we do not narrow in any way the relief heretofore available to defendants under coram nobis. All claims cognizable under the writ are now available to noncustodial movants under the rule.
Rule 3.850 is amended to read as follows:
Rule 3.850. Motion to Vacate, Set Aside, or Correct Sentence
(a) Grounds for Motion. A prisoner person convicted and sentenced, whether noncustodial or in custody under sentence of a court established by the laws of Florida, claiming the right to be relieved of judgment or released from custody on the ground that the judgment was entered or that the sentence was imposed in violation of the Constitution or laws of the United States or of the State of Florida, that the court was without jurisdiction to enter the judgment or to impose the sentence, that the sentence was in excess of the maximum authorized by law, that the plea was given involuntarily, or that the judgment or sentence is otherwise subject to collateral attack may move, in the court that entered the judgment or imposed the sentence to vacate, set aside, or correct the judgment or sentence.
(b) Time Limitations. A motion to vacate a sentence that exceeds the limits *596 provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that
(1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or
(2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.
(c) Contents of Motion. The motion shall be under oath and include:
(1) the judgment or sentence under attack and the court which rendered the same;
(2) whether there was an appeal from the judgment or sentence and the disposition thereof;
(3) whether a previous postconviction motion has been filed, and if so, how many;
(4) if a previous motion or motions have been filed, the reason or reasons the claim or claims in the present motion were not raised in the former motion or motions;
(5) the nature of the relief sought; and
(6) a brief statement of the facts (and other conditions) relied on in support of the motion.
This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence.
(d) Procedure; Evidentiary Hearing; Disposition. On filing of a rule 3.850 motion, the clerk shall forward the motion and file to the court. If the motion, files, and records in the case conclusively show that the prisoner movant is entitled to no relief, the motion shall be denied without a hearing. In those instances when the denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the prisoner movant is entitled to no relief shall be attached to the order. Unless the motion, files, and records of the case conclusively show that the prisoner movant is entitled to no relief, the court shall order the state attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. The answer shall respond to the allegations of the motion. In addition it shall state whether the movant has used any other available state remedies including any other postconviction motion under this rule. The answer shall also state whether an evidentiary hearing was accorded the movant. If the motion has not been denied at a previous stage in the proceedings, the judge, after the answer is filed, shall determine whether an evidentiary hearing is required. If an evidentiary hearing is not required, the judge shall make appropriate disposition of the motion. If an evidentiary hearing is required, the court shall grant a prompt hearing thereon and shall cause notice thereof to be served on the state attorney, determine the issues, and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner movant as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge or resentence the prisoner movant, grant a new trial, or correct the sentence as may appear appropriate.

*597 (e) Prisoner's Movant's Presence Not Required. A court may entertain and determine the motion without requiring the production of the prisoner movant at the hearing.
(f) Successive Motions. A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
(g) Appeal; Rehearing; Service on Prisoner Movant. An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for writ of habeas corpus. All orders denying motions for postconviction relief shall include a statement that the movant has the right to appeal within 30 days of the rendition of the order. The prisoner movant may file a motion for rehearing of any order denying a motion under this rule within 15 days of the date of service of the order. The clerk of the court shall promptly serve on the prisoner movant a copy of any order denying a motion for postconviction relief or denying a motion for rehearing noting thereon the date of service by an appropriate certificate of service.
(h) Habeas Corpus. An application for writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court that sentenced the applicant or that the court has denied the applicant relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of the applicant's detention.
This amendment shall become effective immediately and the procedure for obtaining postconviction relief from a criminal judgment or sentence shall be by motion as prescribed in the Florida Rules of Criminal Procedure. Because of the substantial change to rule 3.850 by this Court, we direct that the amended rule be advertised in The Florida Bar News, that the Criminal Procedure Rules Committee of The Florida Bar review the rule for comment, and that all interested parties submit comments regarding the rule within sixty days from the filing of this opinion.
It is so ordered.
HARDING, C.J., and ANSTEAD and PARIENTE, JJ., concur.
WELLS, J., concurs with an opinion.
OVERTON, Senior Justice, dissents.
WELLS, J., concurring.
I concur in the majority's opinion and in the adoption of the rule. I concur in the decision to permit Wood to proceed with his writ because he was never "in custody" and therefore was never technically covered by the express language of rule 3.850 and its two-year time period.
I write to make clear that it is my understanding that the only defendants who would have a viable coram nobis claim and come within this opinion are those defendants who were either never in custody or who were in custody for less than two years and who have not previously filed a coram nobis petition.
NOTES
[1] Florida Rule of Criminal Procedure 3.850 provides in relevant part:

(a) Grounds for Motion. A prisoner in custody under sentence of a court established by the laws of Florida claiming the right to be released on the ground that the judgment was entered or that the sentence was imposed in violation of the Constitution or laws of the United States or of the State of Florida, that the court was without jurisdiction to enter the judgment or to impose the sentence, that the sentence was in excess of the maximum authorized by law, that the plea was given involuntarily, or that the judgment or sentence is otherwise subject to collateral attack may move, in the court that entered the judgment or imposed the sentence, to vacate, set aside, or correct the judgment or sentence.
(b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that
(1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or
(2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.
[2] The "conclusiveness test" for newly discovered evidence described in Hallman has since been superseded. See Jones v. State, 591 So.2d 911, 915 (Fla.1991) ("Thus, we hold that henceforth, in order to provide relief, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial.").
[3] The other issues Wood raises are beyond the scope of the certified conflict and we decline to address them.