755 So.2d 680 (1999)
Gino KALICI, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2923.
District Court of Appeal of Florida, Fourth District.
July 21, 1999.
Rehearing Denied August 19, 1999.
*681 Neal A. Dupree of Law Offices of Neal A. Dupree, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, Gino Kalici ("Kalici"), appeals from an order which denied his petition for writ of error coram nobis. Based upon the recent decision of the Florida Supreme Court in Wood v. State, 750 So.2d 592 (Fla. 1999), we reverse and remand for the trial court to conduct an evidentiary hearing on Kalici's coram nobis petition.
On November 17, 1986, Kalici, a resident alien, pled guilty to delivery of a controlled substance. Kalici was sentenced to two years probation and ordered to pay a fine. Although Kalici's probation ended in 1988, the Immigration and Naturalization Service ("INS") arrested him in December of 1997 and initiated deportation proceedings based upon his conviction. On March 4, 1998, Kalici filed a petition for writ of error coram nobis claiming his plea should be withdrawn because the trial court had not informed him of possible deportation consequences when he pled guilty. In denying the motion, the trial court indicated Kalici could not withdraw his plea because he failed to file the coram nobis petition within the applicable two-year time limit.
This court has repeatedly held petitions for writs of error coram nobis are time barred by laches if filed more than two years after judgment and sentence have become final. See State v. Elise, 727 So.2d 1030 (Fla. 4th DCA 1999); Gabriel v. State, 723 So.2d 899 (Fla. 4th DCA 1998); State v. Taylor, 722 So.2d 890 (Fla. 4th DCA 1998). The Florida Supreme Court recently agreed with this position when it held the two-year time limit contained in rule 3.850 applies to petitions for writs of error coram nobis. See Wood, 750 So.2d 593. However, the court also stated:
Wood's petition is not time-barred since this Court is only now applying this limitation period to writs of error coram nobis. However, this decision shall apply to all defendants adjudicated guilty after the date this decision is filed, while all defendants adjudicated prior to this opinion shall have two years from the filing date within which to file claims traditionally cognizable under coram nobis.

Id. (emphasis added). A plain reading of this language indicates that Kalici now has two years from the filing date of Wood to file a claim traditionally cognizable under coram nobis. Therefore, we reverse the trial court's order and remand for an evidentiary hearing on Kalici's coram nobis petition.
GUNTHER and GROSS, JJ., concur.