ALTENBERND, Judge.
We affirm the trial court’s denial of Preston Ashby’s motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(Z) on the ground that the motion was untimely filed. Under the circumstances of this case, however, we are troubled by the trial court’s decision to resolve this motion as if it were an un-sworn motion filed pursuant to Florida Rule of Criminal Procedure 3.850. On remand, Mr. Ashby shall be permitted to file a motion to challenge his plea pursuant to rule 3.850.
On December 11, 1997, Mr. Ashby pleaded guilty to possession and delivery of cocaine. Our record contains a portion of the plea colloquy, but does not contain the written plea agreement. It is unclear whether he also admitted a violation of probation in another case at the same hearing.
During the plea colloquy, the trial court disobeyed Florida Rule of Criminal Procedure 3.172(c)(8). This rule states that
if [the defendant] pleads guilty or nolo contendere the trial judge must inform him or her that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the law and regulations governing the United States Immigration and Naturalization Service. It shall not be necessary for the trial judge to inquire as to whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases.
Instead of informing Mr. Ashby of the risk of deportation, the trial judge asked the very question that the rule states he need not ask, i.e., whether Mr. Ashby was a citizen of this country. When Mr. Ashby claimed to be a United States citizen, the trial judge omitted the remainder of the warning. Apparently, Mr. Ashby was not entirely accurate when answering the question of .his citizenship and now faces the risk of deportation.
*699 We do not know whether Mr. Ash-by was still incarcerated when he filed his motion. In light of the supreme court’s decision in Wood v. State, 750 So.2d 592 (Fla.1999), he may now file a motion pursuant to rule B.850 to challenge this issue even if he is no longer in custody.
We express no opinion on the effect of Mr. Ashby’s answer to the improper question. In light of this court’s decision in Knibbs v. State, 24 Fla. L. Weekly D2730, 1999 WL 1128800, — So.2d - (Fla. 2d DCA Dec. 10, 1999), we merely hold that Mr. Ashby’s motion and order should not be treated as a prior disposition of this issue if Mr. Ashby elects to file a motion pursuant to rule 3.850. Mr. Ashby must file the motion within the time permitted by Wood. In the event that Wood does not apply to his circumstances, the trial court shall treat as timely any motion pursuant to rule 3.850 filed within sixty days of our mandate.
Affirmed.
PARKER, A.C.J., and SALCINES, J., Concur.