785 So.2d 583 (2001)
Jorge O. ESPINOSA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-2979.
District Court of Appeal of Florida, Third District.
April 11, 2001.
Jorge O. Espinosa, in proper person.
Robert A. Butterworth, Attorney General and Paulette R. Taylor, Assistant Attorney General, for appellee.
Before GODERICH, GREEN, and RAMIREZ, JJ.
GREEN, J.
Appellant, Jorge Espinosa, appeals the denial of his petition for writ of error coram nobis without an evidentiary hearing. We affirm for the reasons which follow.
On November 6, 1991, Espinosa pled no contest to three separate cases involving shooting or throwing a deadly missile into *584 a building or vehicle. He was sentenced to six months of community control followed by one year of probation on all three cases. On May 15, 1992, Espinosa's probation was revoked and he was sentenced to fifteen years imprisonment. On May 18, 1992, the trial court mitigated Espinosa's sentences to one year and one day imprisonment. Espinosa took no direct appeal of his convictions or sentence nor did he initiate post-conviction or other collateral proceedings regarding these convictions. Espinosa was subsequently convicted and sentenced in federal court. His three state convictions were used to enhance his federal sentence. He is currently serving a ten year federal sentence.
On September 5, 2000, Espinosa filed a petition for writ of error coram nobis in the lower court seeking to vacate his three convictions. As grounds for that petition, he alleged that his pleas in those cases were unknowing because neither the trial court nor his defense counsel had advised him that the state convictions could be used to enhance his subsequent federal sentences. The trial court summarily denied the motion on the grounds of laches and this appeal followed.
Espinosa argues that pursuant to Wood v. State, 750 So.2d 592 (Fla.1999), his petition was timely filed and he was entitled to an evidentiary hearing. Factually, Wood is identical to this case. There, as here, a federal inmate sought to set aside his prior plea in a state case on the grounds that his lawyer had not informed him that the plea could be used against him in federal court as a "prior offense." In Wood, the supreme court resolved a certified conflict between our decision in Malcolm v. State, 605 So.2d 945 (Fla. 3d DCA 1992) and Wood v. State, 698 So.2d 293 (Fla. 1st DCA 1997) and held that writs of error coram nobis are now subject to the same time limitations contained in Florida Rule of Criminal Procedure 3.850. In addition, the court found that Wood's petition could not be time-barred since its holding was to be applied prospectively. See Wood, 750 So.2d at 595. The court, however, stated that "this decision shall apply to all defendants adjudicated guilty after the date this decision is filed, while all defendants adjudicated prior to this opinion shall have two years from the filing date within which to file claims traditionally cognizable under coram nobis." Id.
Although Espinosa correctly asserts on this appeal that his petition is not time-barred pursuant to Wood, he is incorrect in his assertion that Wood mandates that he be given an evidentiary hearing on the merits of his claim. In Wood, the supreme court merely remanded that case for further proceedings and specifically declined to reach the merits of the petition. See Id. at 597 n. 3 ("The other issues Wood raises are beyond the scope of the certified conflict and we decline to address them.").
On the merits, Espinosa is entitled to no relief as a matter of law since neither the trial court nor his defense attorney had an obligation to inform him that state convictions could be used to enhance subsequent federal sentences. See Ford v. State, 753 So.2d 595, 596 (Fla. 3d DCA 2000) (stating that: "neither the defense attorney nor the trial court is duty-bound to anticipate the defendant's recidivism and warn him of the sentence-enhancing consequences his plea may have for any future crimes he commits, and we conclude that Ford is not entitled to an evidentiary hearing on the matter."); see also Rhodes v. State, 701 So.2d 388 (Fla. 3d DCA 1997) (criminal defendant not entitled to evidentiary hearing based upon allegation that his counsel misadvised him as to potential for enhanced penalties for defendant's future criminal behavior). Accordingly, we *585 affirm the denial of the petition in this case without an evidentiary hearing.
Affirmed.