BLUE, Chief Judge.
Charles Askew challenges the order of the trial court denying his motion filed under Florida Rule of Criminal Procedure 3.850. We affirm.
Askew filed his motion pursuant to Wood v. State, 750 So.2d 592 (Fla.1999). In the motion, Askew sought to withdraw his plea on the basis that it was involuntarily entered. In denying the motion, the trial court relied on Daniels v. United States, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001). However, in Daniels the Supreme Court held that a defendant who has been sentenced in a federal case may not utilize 28 U.S.C. § 2255 to collaterally attack the state convictions used to enhance the federal sentence where he failed to pursue, or unsuccessfully pursued, the state remedies that were available to him. In Daniels the Supreme Court was addressing the proper application of a federal statute, and Daniels has no bearing in the present case. However, we affirm the order of the trial court because the claims raised in Askew’s motion were either con-clusory and facially insufficient or, on their face, demonstrated a lack of due diligence in the raising of the claim. See Peart v. State, 756 So.2d 42, 45 (Fla.2000) (holding *665 that the facts upon which a petition for coram nobis/Wood 3.850 are based “must have been unknown at trial, and it must appear that the defendant and counsel could not have known of them by the use of due diligence”).
Affirmed.
PARKER and WHATLEY, JJ., Concur.