FLETCHER, Judge.
David James Wells petitions for a writ of error coram nobis. Wells seeks to have this court revisit its decision in Wells v. State, 468 So.2d 1087 (Fla. 3d DCA 1985), in light of a subsequent Florida Supreme Court decision, Macias v. State, 515 So.2d 206 (Fla.1987), which disapproved of the evidentiary holding in Wells. For the following reasons, we deny the petition.
Proeedurally, Wells’ petition is governed by Wood v. State, 750 So.2d 592 (Fla.1999). Wood provided that all defendants previously adjudicated would have two years from May 27, 1999, in which to file rule 3.850 motions raising claims traditionally cognizable under coram nobis.[1] Wells’ motion does not allege errors in fact, or raise claims in the nature of newly discovered evidence, and is therefore not cognizable. Further, as Wells’ petition is untimely filed after the two year window for bringing such claims, it is proeedurally barred.
 Even if this court considers the merits of the petition as an ex post facto claim and therefore cognizable, applying case law controlling the admission of evidence at the time of Wells’ conviction, display of tattoos was considered testimonial in nature and the trial court did not err in excluding it. Wells v. State, 468 So.2d 1087 (Fla. 3d DCA 1985). Although two years later in Macias the Florida Supreme Court disapproved of that particular holding, this court is not obligated to revisit the issue and retroactively alter the holding in Wells. The court must apply the laws in effect at the time in which the crime was committed to the case before it. Allen v. State, 383 So.2d 674, 675 (Fla. 5th DCA 1980); Castle v. State, 330 So.2d 10, 11 (Fla.l976)(defendant not entitled to be sentenced under later enacted law which reduced maximum penalty for his crime). Additionally, a “rule that permits additional testimony that may cause a jury to be more likely to believe the victim ... is a qualitative change in the law that does not alter substantial personal rights,” and no ex post facto violation has occurred. McLean v. State, 854 So.2d 796 (Fla. 2d DCA 2003); see also Glendening v. State, 536 So.2d 212 (Fla.l988)(changes in the admission of evidence have been held to be procedural).
We therefore deny Wells’ petition for writ of error coram nobis.

. The writ of error coram nobis can be used only to correct errors of fact. To present a legally sufficient petition for writ of error coram nobis, Wells must (1) allege specific facts that are of such vital nature that they would probably produce an acquittal on retrial; (2) identify the evidence that supports the alleged facts and the source of the evidence; and (3) demonstrate that the facts upon which the petition is based were unknown to Wells, Wells’ counsel, and the trial court at time of trial, and that those facts could not have been discovered by due diligence. Wood, 750 So.2d at 592.