PER CURIAM.
 

 This is an appeal of an order summarily denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
 

 In Miami-Dade County Circuit Court case number 08-10950, defendant-appellant Theodore K. Griffin was charged in count one with unlawful driving as a habitual traffic offender in violation of subsection 322.34(5), Florida Statutes (2007), and in count two, with hiring a vehicle with intent to defraud in violation of subsection 817.52(2), Florida Statutes (2007). The defendant entered a guilty plea. In his timely filed rule 3.850 motion, the defendant alleges that there is no factual basis for count two. He maintains that the rental company was paid in full and retained his security deposit as well. The trial court summarily denied the claim without attaching the plea colloquy or any other documents which would conclusively refute this issue.
 

 On appeal from an order summarily denying a rule 3.850 motion, this court must reverse unless the postconviction record shows conclusively that the defendant is not entitled to any relief.
 
 See
 
 Fla. R.App. P. 9.141(b)(2)(D). The post-conviction record now before us does not conclusively refute the claim that there is no factual basis for count two. It appears that the defendant may have completed his sentence, but the claim that a crime was not actually committed (formerly cognizable by coram nobis) is now cognizable under Rule 3.850.
 
 See Wood v. State,
 
 750 So.2d 592, 594-97 (Fla.1999).
 

 The defendant filed the same motion for postconviction relief in another case as well, Miami-Dade County Circuit Court case number 08-5373. In that case the defendant was not charged with hiring a vehicle with intent to defraud. We affirm the denial of relief as to case number OS-5373.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.