# Supreme Court of Florida

————————

No. SC17-2281

————————

**PRESTON LEONARD SCHOFIELD,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[May 24, 2018]

PER CURIAM.

This case is before the Court following dismissal of Preston Leonard Schofield's pro se petition for writ of error coram nobis. On February 21, 2018, we dismissed the petition and expressly retained jurisdiction to exercise our inherent judicial authority to pursue sanctions against Schofield for his abuse of this Court's limited resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008); *see also* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). Because Schofield had filed thirty-five other meritless petitions and notices with this Court since 2013, we ordered him to show cause why he should not be barred from filing further pro se requests for relief in this Court relating to circuit and county court

case numbers 592011DR0022570000XX, 592011MM004051A000XX,

592013MM010912A000XX, 292014MM000070000AHC,

522014CF014665XXXXPC, and 592011MM004272A000XX.  *See Schofield v.

State*, No. SC17-2281 (Fla. Feb. 21, 2018).  We now find that Schofield has failed

to show cause why he should not be barred, and we sanction him as set forth

below.

Schofield has filed with this Court thirty-five other petitions and notices

challenging various convictions and sentences, as well as various family court

orders pertaining to child custody and other divorce matters.[1]  This Court has never

---

1. *Schofield v. State*, No. SC17-2280, 2018 WL 862941 (Fla. Feb. 14, 2018) (dismissing petition for writ of error coram nobis); *Schofield v. State*, No. SC17-2279, 2018 WL 862786 (Fla. Feb. 14, 2018) (dismissing petition for writ of error coram nobis); *Schofield v. Schofield*, No. SC17-2278, 2018 WL 859763 (Fla. Feb. 14, 2018) (dismissing petition for writ of error coram nobis); *Schofield v. State*, No. SC17-2277, 2018 WL 859605 (Fla. Feb. 14, 2018) (dismissing petition for writ of error coram nobis); *Schofield v. Tampa*, No. SC17-1971, 2017 WL 5496025 (Fla. Nov. 16, 2017) (transferring mandamus petition to the district court for consideration as a notice of appeal); *Schofield v. Schofield*, No. SC17-314, 2017 WL 2210399 (Fla. May 17, 2017) (denying habeas petition); *Schofield v. Schofield*, No. SC16-2283, 2017 WL 393395 (Fla. Jan. 30, 2017) (dismissing petition for writ of error coram nobis); *Schofield v. State*, No. SC16-1875, 2017 WL 167542 (Fla. Jan. 17, 2017) (dismissing petition for writ of error coram nobis); *Schofield v. State*, No. SC16-1878 (Fla. Jan. 3, 2017) (dismissing petition for writ of error coram nobis); *Schofield v. State*, No. SC16-1877, 2017 WL 24664 (Fla. Jan. 3, 2017) (dismissing petition for writ of error coram nobis); *Schofield v. Schofield*, No. SC16-1850, 2017 WL 24663 (Fla. Jan. 3, 2017) (dismissing petition for writ of error coram nobis); *Schofield v. State*, No. SC16-1879, 2016 WL 7212340 (Fla. Dec. 13, 2016) (transferring petition for writ of error coram nobis to circuit court for consideration as postconviction motion); *Schofield v. State*, No. SC16-1876, 2016 WL 7212338 (Fla. Dec. 13, 2016) (transferring petition for writ

- 2 -

granted Schofield the relief sought in any of his filings here. Each of his thirty-five

other petitions and notices has been denied, dismissed, or transferred to another

court for consideration; his petition in this case is no exception.

of error coram nobis to county court for consideration as postconviction motion); *Schofield v. State*, No. SC16-343 (Fla. Mar. 8, 2016) (transferring prohibition petition to district court); *Schofield v. State*, 171 So. 3d 120 (Fla. 2015) (table) (dismissing notice to invoke discretionary jurisdiction); *Schofield v. State*, No. SC15-695 (Fla. Apr. 16, 2015) (transferring notice of appeal to circuit court); *Schofield v. State*, No. SC15-384 (Fla. Apr. 6, 2015) (transferring habeas petition to district court for consideration as notice of appeal); *Schofield v. State*, No. SC15-241 (Fla. Feb. 12, 2015) (transferring notice of appeal to circuit court); *Schofield v. State*, No. SC15-240 (Fla. Feb. 12, 2015) (transferring notice of appeal to circuit court); *Schofield v. State*, 160 So. 3d 898 (Fla. 2015) (table) (dismissing mandamus petition) (No. SC14-1979); *Schofield v. State*, 160 So. 3d 898 (Fla. 2015) (table) (dismissing mandamus petition) (No. SC14-1978); *Schofield v. State*, No. SC14-2160 (Fla. Nov. 18, 2014) (transferring prohibition petition to circuit court); *Schofield v. State*, 153 So. 3d 909 (Fla. 2014) (table) (dismissing mandamus petition); *Schofield v. Eslinger*, No. SC14-1789 (Fla. Oct. 1, 2014) (transferring habeas petition to district court for consideration as notice of appeal); *Schofield v. State*, No. SC14-372 (Fla. Oct. 1, 2014) (transferring prohibition petition to circuit court); *Schofield v. Gee*, No. SC14-945 (Fla. Sept. 30, 2014) (transferring habeas petition to district court); *Schofield v. State*, 151 So. 3d 1228 (Fla. 2014) (table) (dismissing notice to invoke discretionary jurisdiction) (No. SC14-1327); *Schofield v. State*, 151 So. 3d 1228 (Fla. 2014) (table) (dismissing notice to invoke discretionary jurisdiction) (No. SC14-1153); *Schofield v. State*, 148 So. 3d 772 (Fla. 2014) (table) (dismissing notice to invoke discretionary jurisdiction); *Schofield v. State*, 135 So. 3d 289 (Fla. 2014) (table) (dismissing prohibition petition); *Schofield v. State*, 134 So. 3d 450 (Fla. 2014) (table) (dismissing notice to invoke discretionary jurisdiction); *Schofield v. Schofield*, 123 So. 3d 1147 (Fla. 2013) (table) (dismissing notice to invoke discretionary jurisdiction); *Schofield v. State*, 123 So. 3d 1147 (Fla. 2013) (table) (dismissing notice to invoke discretionary jurisdiction); *Schofield v. State*, No. SC13-712 (Fla. Aug. 26, 2013) (transferring prohibition petition to circuit court); *Schofield v. State*, 116 So. 3d 1262 (Fla. 2016) (table) (dismissing notice to invoke discretionary jurisdiction).

Schofield filed the instant petition for writ of error coram nobis with this Court on December 25, 2017. In it, he challenged a 2015 conviction and sentence for assault, and argued that the trial court did not have jurisdiction to entertain the charge against him. Because the writ of error coram nobis no longer exists in Florida, on February 21, 2018, we dismissed the petition pursuant to *Wood v. State*, 750 So. 2d 592, 595 (Fla. 1999). In so doing, we expressly retained jurisdiction to consider the imposition of sanctions, and in accordance with *State v. Spencer*, 751 So. 2d 47 (Fla. 1999), ordered Schofield to show cause why he should not be prohibited from filing further pro se requests for relief with this Court.

Rather than file a timely response to the Court's order, Schofield filed a petition for writ of prohibition on March 26, 2018, *see Schofield v. Schofield*, No. SC18-475, followed on March 29, 2018, by a motion in the instant case. In the motion, Schofield simply reiterates the arguments that he raised in his most recent batch of petitions that he filed with this Court, which were all meritless and ultimately dismissed. *See Schofield v. State*, No. SC17-2281 (Fla. Feb. 21, 2018); *Schofield v. State*, No. SC17-2280, 2018 WL 862941 (Fla. Feb. 14, 2018); *Schofield v. State*, No. SC17-2279, 2018 WL 862786 (Fla. Feb. 14, 2018); *Schofield v. Schofield*, No. SC17-2278, 2018 WL 859763 (Fla. Feb. 14, 2018); *Schofield v. State*, No. SC17-2277, 2018 WL 859605 (Fla. Feb. 14, 2018). We hereby deny Schofield's motion. Additionally, on April 12, 2018, the Court issued

an order transferring Schofield's prohibition petition to the Fifth District Court of Appeal for consideration by that court. *Schofield v. Schofield*, No. SC18-475, 2018 WL 1750897 (Fla. Apr. 12, 2018). Neither of these new filings, however, contain any justification for Schofield's continued abuse of this Court's limited resources by filing numerous meritless pro se petitions and notices.

Therefore, as a result of Schofield's extensive history of filing meritless pro se petitions and notices in this Court, we hereby find that Schofield has abused this Court's limited judicial resources, and has failed to show cause why this Court should not impose sanctions for his repeated frivolous filings. It is clear that if left unrestrained, he will continue his pattern of filing meritless petitions in this Court. Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief regarding circuit and county court case numbers 592011DR0022570000XX, 592011MM004051A000XX, 592013MM010912A000XX, 292014MM000070000AHC, 522014CF014665XXXXPC, and 592011MM004272A000XX, submitted by Preston Leonard Schofield unless such filings are signed by a member in good standing of The Florida Bar. Henceforth, Schofield may only petition this Court through the assistance of counsel whenever such counsel determines that the proceedings have merit and can be filed in good faith.

No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

Original Proceeding – Writ of Error Coram Nobis

Preston Leonard Schofield, pro se, Tampa, Florida,

for Petitioner

No appearance for Respondent