GRIMES, Chief Judge.
Appellant challenges the circuit court’s summary denial of his motion to vacate three misdemeanor convictions and an adjudication of delinquency. In each claim, appellant alleged that he was denied the right to counsel.
We first consider the claims arising from the misdemeanor convictions. Florida Rule of Criminal Procedure 3.850 requires the defendant to seek relief from “the court which entered the judgment or imposed the sentence.” Appellant was convicted of the misdemeanors in county court. Consequently, the circuit court had no jurisdiction to review the legality of those convictions.
It was the circuit court which adjudicated appellant to be a delinquent; so that court did have jurisdiction over appellant’s motion with respect to the delinquency proceedings. Moreover, indigent juveniles are entitled to have counsel provided to them during such proceedings. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Nevertheless, to sustain a claim for denial of counsel, appellant had to allege that he was indigent at the time he appeared before the juvenile court. Savage v. State, 156 So.2d 566 (Fla. 1st DCA 1963). *956 This he did not do. Therefore, his motion did not state grounds for relief.
AFFIRMED.
HOBSON and OTT, JJ., concur.