571 So.2d 38 (1990)
The STATE of Florida, Appellant,
v.
Wenceslao GARCIA, Appellee.
No. 90-847.
District Court of Appeal of Florida, Third District.
October 2, 1990.
Robert A. Butterworth, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellant.
Leonardo P. Mendez, Miami, for appellee.
Before BASKIN, JORGENSON and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, State of Florida, appeals the granting of a petition for a writ of error coram nobis setting aside adjudications of guilt. We reverse.
Appellee, Wenceslao Garcia, was arrested in 1975 and charged with burglary of a dwelling and grand larceny. Appellee pleaded guilty and was sentenced to eighteen months probation. During the plea colloquy, the court advised appellee of his rights, inquired as to whether appellee understood those rights, and asked appellee's attorney if the plea was in the best interest of appellee.
The trial court then accepted the pleas of guilty on each of the two counts, entered findings of guilt, and adjudicated appellee guilty. The trial court entered written judgments of guilt for each offense.
In 1989, appellee was again arrested. Based on the prior adjudications, appellee was charged with possession of a firearm by a convicted felon.
In 1990, fourteen years after the original convictions, appellee filed a petition of error coram nobis alleging, inter alia, ineffective assistance of counsel, violation of the plea agreement, and failure of the trial court to inform appellee of his rights prior to accepting his plea.
At the hearing on appellee's petition, appellee argued that his plea had not been knowingly and intelligently made because he was not aware of the consequences of his plea. The trial court granted appellee's petition, set aside the adjudication of guilt, and granted a withhold of adjudication nunc pro tunc effective the date of the original sentence in 1976.
Appellant contends that the trial court erred in granting the petition for writ of error coram nobis because the facts in the petition were insufficient to warrant relief. Appellant also contends that relief was precluded by the doctrine of laches and because the plea colloquy was proper and established that appellee knowingly and voluntarily entered into his guilty plea.
*39 The function of a writ of error coram nobis is to correct errors of fact, not errors of law. Hallman v. State, 371 So.2d 482 (Fla. 1979); Leavitt v. State, 116 Fla. 738, 156 So. 904 (1934); Lamb v. State, 91 Fla. 396, 107 So. 535 (1926).
The alleged facts must be of such a vital nature that, had they been known to the trial court, they conclusively would have prevented the entry of the judgment. Hallman v. State, 371 So.2d at 485; Williams v. Yelvington, 103 Fla. 145, 137 So. 156 (1931); Lamb v. State, 107 So. at 538.
The allegations in the petition for the writ fail to meet these requirements because they show no error of fact, and would not have prevented the entry of the judgment. The petition, therefore, does not justify relief by way of the extraordinary writ of error coram nobis.
A further requirement is that neither the defendant, nor his counsel could have known of, or ascertained, the alleged facts which form the basis of the petition, by the exercise of due diligence. Lamb v. State, 107 So. at 538.
In this case, appellee and his attorney were present when the judge twice stated the entry of adjudication. Both appellee and his attorney were present when the trial court entered written judgments of guilt. No objection to the adjudication was made until the filing of this petition fourteen years later.
Finding that a writ of coram nobis is an inappropriate remedy, we need not address appellant's other contention. We, therefore, reverse and remand for further proceedings.
Reversed and remanded.