705 So.2d 1059 (1998)
Roan PEART, Appellant,
v.
The STATE of Florida, Appellee.
Jorge PRIETO, Appellant,
v.
The STATE of Florida, Appellee.
The STATE of Florida, Appellant,
v.
Andrew Moses EVANS, Appellee.
Jose JIMENEZ, Appellant,
v.
The STATE of Florida, Appellee.
Victor William ROSS, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 97-2229, 96-2432, 96-961, 96-1205, 95-3248 and 97-565.
District Court of Appeal of Florida, Third District.
February 18, 1998.
*1060 Robbins, Tunkey, Ross, Amsel, Raben & Waxman, and Benjamin S. Waxman; Bennett H. Brummer, Public Defender, and Julie Levitt, Assistant Public Defender; Jerold E. Reichler; Ana M. Jhones; Arthur E. Marchetta, Jr.; Bill Clay and Leonard Cooperman, for Roan Peart, Jorge Prieto, Andrew Evans Moses, Jose Jimenez, and Victor William Ross.
Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, for State.
Before SCHWARTZ, C.J., and NESBITT, JORGENSON, COPE, LEVY, GERSTEN, GODERICH, GREEN, FLETCHER, SHEVIN and SORONDO, JJ.

ON HEARING EN BANC AND REHEARING EN BANC
SHEVIN, Judge.
These appeals have been consolidated for en banc and rehearing en banc consideration because they raise the common issue of whether coram nobis or post-conviction relief is available to attack a conviction based on the trial court's failure to apprise defendants of the deportation consequences of their pleas pursuant to Florida Rule of Criminal Procedure 3.172(c)(8). We hold that the traditional writ of error coram nobis is not an available remedy for the reasons expressed herein. In so holding, we recede from Beckles v. State, 679 So.2d 892 (Fla. 3d DCA 1996), and all other cases issued by this court to the extent they rely on Beckles. We grant rehearing, withdraw the opinions issued in Peart v. State, No. 97-2229 (Fla. 3d DCA Sept. 11, 1997); in Jimenez v. State, No. 97-3248 (Fla. 3d DCA Sept. 10, 1997); and in Ross v. State, No. 97-565 (Fla. 3d DCA April 30, 1997), and substitute the following:
These consolidated cases may be grouped into three categories: A) Defendants appeal from denials of coram nobis petitions, Peart, Jimenez, and Ross; B) State appealing from coram nobis relief granted, State v. Evans, No. 96-1205; C) Defendant appeals from a denial of a timely motion for post-conviction relief, Prieto v. State, Nos. 96-2432; 96-961.

I. Factual Background
In 1993, Roan Peart pled guilty to aggravated assault, armed robbery and burglary of a conveyance. The court withheld adjudication, credited Peart with seven months served in jail, and placed Peart on two-years probation, which Peart successfully completed. *1061 At the time, Peart was a citizen of Jamaica, and was a legal resident alien in the United States for over ten years.
In 1997, Peart filed a petition for writ of error coram nobis asserting that his plea was involuntarily entered because he was not advised of the deportation consequences of his plea. Peart asserted that as a result of his guilty plea, the United States Immigration and Naturalization Service ["INS"] had instituted deportation proceedings against him. Peart asserted that had he been advised he would not have accepted the plea and would have gone to trial. The trial court denied Peart's petition without an evidentiary hearing. Peart appeals.
In 1990, Jose Jimenez pled nolo contendere to possession of cocaine, in exchange for a withhold of adjudication and two days credit for time served. In 1995, INS notified Jimenez, a citizen of the Dominican Republic, that it was revoking his legal permanent resident status and initiating deportation proceedings against him. Like Peart, Jimenez also asserted, by way of petition for writ of coram nobis, that he was not advised of the deportation consequences of his plea, and that, had he known of those consequences, he would not have entered the plea. The petition was denied. Jimenez appeals.
In 1980, Victor Ross pled guilty to manufacture and/or possession of cannabis with intent to sell, manufacture, or deliver. Ross pled and his adjudication was withheld; he was sentenced to eighteen months probation. Ross asserts that the trial court told him that there should be no deportation consequences as a result of the plea because a "withhold" was not a conviction.[1] Ross was a citizen of Grenada and a legal United States resident alien. In 1996, Ross applied for naturalization. In response to the application, INS informed Ross that he would be deported because of his 1980 plea. Ross filed a motion to withdraw his plea and set aside the sentence or, alternatively, for coram nobis relief. Ross asserted that he should be allowed to set his plea aside because the trial judge misadvised him of his deportation consequences; had he been correctly advised he would not have entered the plea. Ross appeals the denial of his motion.
Andrew Moses Evans pled nolo contendere to the charge of carrying a concealed weapon in 1990. He received credit for two days he served in jail and a withhold of adjudication. Evans was a citizen of Jamaica and a legal permanent resident. In 1996, Evans filed a petition for coram nobis relief asserting that his plea was involuntary because he was not advised of the immigration consequences, and he would not have entered the plea had he known. Evans was facing deportation. The trial court granted the petition and vacated the judgment and sentence. The state appeals that order.
In 1994, Jorge Prieto pled guilty to attempted murder. However, pursuant to a plea agreement, Prieto received a twenty-year sentence and agreed to testify truthfully against a codefendant. Additionally, the state agreed to nolle prosequi a capital murder charge against Prieto. Under the plea agreement, if the state did not feel Prieto testified satisfactorily, the state could seek an increased sentence of life imprisonment on the attempted murder count and could refile the capital murder charge seeking the death penalty. Prieto filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 to set aside the plea as defense counsel had not informed him of deportation consequences, and the INS had commenced deportation proceedings against him. During the hearing on the motion, Prieto sought leave to amend his motion to assert that the trial court had also failed to inform him of the deportation consequences of the plea. The court did not rule on the request to amend and denied the motion. The court granted the state's motion to enhance Prieto's sentence and refile the capital murder charge based on the finding that Prieto did not testify satisfactorily. Prieto has lived in the United States since childhood, but is not a citizen. Prieto appeals.
*1062 This court consolidated these appeals for consideration en banc and rehearing en banc.

II. Appropriate Relief
Florida Rule of Criminal Procedure 3.172(c)(8) requires the trial judge to inform defendants pleading guilty or nolo contendere that if defendant
is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. It shall not be necessary for the trial judge to inquire as to whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases.
This provision became effective January 1, 1989. See In Re Amendments to Florida Rules of Criminal Procedure, 536 So.2d 992 (Fla.1988). Prior to this date, there was no affirmative duty to advise a defendant of deportation consequences. See State v. Ginebra, 511 So.2d 960 (Fla.1987). A criminal defendant may seek to set aside a plea for failure of the court to inform him of the deportation consequences of the plea if the defendant can show prejudice. Fla. R.Crim. P. 3.172(i).
The pivotal issue before us is whether a petition for writ of error coram nobis is the proper vehicle for challenging a conviction based on the court's failure to follow Rule 3.172(c)(8). At the outset, it must be noted that
the function of a writ of error coram nobis is to correct fundamental errors of fact, and that the writ is not available to correct errors of law. In order to be legally sufficient, the petition for writ of error coram nobis must, therefore, allege specific facts of such a vital nature that had they been known to the trial court, they conclusively would have prevented the entry of the judgment and sentence attacked; the petition must also assert the evidence upon which the alleged facts can be proved and the source of such evidence. The facts upon which the petition is based must have been unknown to the trial court, the defendant, and defense counsel at the time of trial; and it must appear that the defendant and his/her counsel could not have known such facts by the use of due diligence.
Malcolm v. State, 605 So.2d 945, 947 (Fla. 3d DCA 1992)(emphasis added); Hallman v. State, 371 So.2d 482 (Fla.1979). The petitioner must have no other remedy available. Russ v. State, 95 So.2d 594 (Fla.1957).
In these cases, the defendants do not seek coram nobis relief asserting errors of fact or newly discovered evidence, but rather on the basis of an error of law, to wit, an irregularity in their plea colloquy rendering their pleas involuntary. State v. Garcia, 571 So.2d 38 (Fla. 3d DCA 1990). Moreover, these petitions for relief do not assert claims "of such a vital nature that had they been known to the trial court, they conclusively would have prevented the entry of the judgment." Hallman, 371 So.2d at 485. Coram nobis relief, therefore, is not the appropriate remedy. The proper remedy for the defendants to pursue is, instead, a motion for post-conviction relief pursuant to Rule 3.850. Tolbert v. State, 698 So.2d 1288 (Fla. 2d DCA 1997); Scott v. State, 423 So.2d 978 (Fla. 1st DCA 1982). As articulated in Richardson v. State, 546 So.2d 1037 (Fla.1989), Rule 3.850 has supplanted the writ of error coram nobis.
We are unpersuaded by the defendants' argument that the request for relief is timely if brought when the defendants learn of impending deportation proceedings. These claims are not founded on newly discovered evidence and, therefore, do not fall under the Rule 3.850(b)(1) exclusion. The motion must be brought within two years "after judgment and sentence become final." Fla. R.Crim. P. 3.850(b).
We note that post-conviction relief is available for defendants who are placed on probation, such as Peart and Ross. State v. Bolyea, 520 So.2d 562 (Fla.1988)(court-ordered probation constitutes custody for 3.850 purposes). Hence, as to defendants Peart and Ross, the availability of 3.850 relief renders coram nobis an improper remedy because defendants had other relief available.
Because defendants Jimenez and Evans were never in custody after conviction, but were released based on "time served" *1063 and they were not sentenced to serve any probation or placed on community control, Rule 3.850 relief to raise Rule 3.172(c)(8) violations was never available to them. It is this Court's view that the law does not presently provide non-custodial defendants relief.[2]Contra Vonia v. State, 680 So.2d 438 (Fla. 2d DCA), review denied, 672 So.2d 544 (Fla.1996)(petition for "all writs" coram nobis relief available to afford defendants out of custody same relief available to defendants in custody); Weir v. State, 319 So.2d 80 (Fla. 2d DCA 1975)(same).
We recognize that as to non-custodial defendants this may be a harsh and unfair result. However, there is no present mechanism that provides relief under these circumstances, and it is beyond this Court's authority to alter the procedural rules to provide this relief. We believe that persons not in custody should be allowed post-conviction relief for failure of a trial court to advise them of the deportation consequences of their pleas as required by Rule 3.172(c)(8). We recognize that Rule 3.850 does not presently provide these defendants with a remedy. In view of our present holding denying coram nobis relief on these cases, we respectfully suggest that the Florida Supreme Court consider whether a rule should be adopted to address the issue of post-conviction relief for persons not in custody, either as a general proposition or as relates specifically to the issue of immigration consequences.

III. Prieto's Rule 3.850 Motion
As a final issue, we turn to Prieto's appeal from the denial of his 3.850 motion. The court erred in denying the motion and in granting the state's motion to increase sentence. Prieto filed his motion pro se. The record demonstrates that at the hearing counsel moved to amend the motion to assert the court's failure to warn of deportation consequences. Leave to amend a 3.850 motion should be freely granted. Reed v. State, 640 So.2d 1094, 1098 (Fla.1994); Nava v. State, 659 So.2d 1314 (Fla. 4th DCA 1995). Therefore, we reverse the order denying Prieto's 3.850 motion and remand with leave for Prieto to amend his motion.
As guidance to Prieto and others who would assert similar claims, we point out that to set aside a plea for failure to inform a defendant of immigration consequences pursuant to Rule 3.172(c)(8), the motion must assert, and the defendant must prove the following:
a) the defendant was not advised by the court of the immigration consequences;
b) that defendant had no actual knowledge of same;[3]
c) that INS had instituted deportation proceedings, or defendant is at risk of deportation;
d) that defendant would not have pled had defendant known of the deportation consequences; and
e) that had defendant declined the plea offer and gone to trial, defendant most probably would have been acquitted.
This last requirement comports with the Rule 3.172 requirement that defendant must show prejudice to set aside a plea as not in conformity with the Rule. Because of the special nature of the claims in these cases, that deportation has resulted as a consequence of the pleas, in order to demonstrate prejudice the defendant must demonstrate a probable likelihood that he or she would have been acquitted. To require any less of a showing would subject the trial court to entertaining petitions for relief to set aside pleas in cases where the defendant would nonetheless be found guilty at trial and *1064 therefore would be facing the same consequence of deportation. See generally Jones v. State, 591 So.2d 911 (Fla.1991); State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995), review denied, 668 So.2d 602 (Fla.1996); Todd v. State, 648 So.2d 249 (Fla. 3d DCA 1994).
Requiring that the defendants establish that they most probably would have been acquitted is concordant with this court's conclusion that these motions must be brought within two years after judgment and sentence become final, as required in Rule 3.850. This two-year limitation assures some realistic probability that evidence will remain available and that the trial court can reliably determine whether defendant most likely would have prevailed at trial. If we adopt defendants' argument that the triggering event is the onset of deportation proceedings, in many cases the court files will be quite stale and evidence or witnesses may or may not be available. The two-year limit addresses this problem.
Upon accepting a plea, it is very important that trial judges comply with Rule 3.172(c)(8) and advise all defendants in all cases that "the plea may subject him or her to deportation." Fla. R.Crim. P. 3.172(c)(8). It is equally important for the prosecutor and defense counsel to immediately advise the court of any inadvertent failures to so advise, so that this may be corrected immediately.
Based on the foregoing reasoning, we recede from Beckles, and its progeny and certify conflict with Marriott v. State, 605 So.2d 985 (Fla. 4th DCA 1992), and Wood v. State, 698 So.2d 293 (Fla. 1st DCA 1997), review granted, 705 So.2d 571 (Fla. 1998). We affirm the denial of relief in Peart, Jimenez, and Ross, reverse the order granting coram nobis in Evans, and reverse the order in Prieto denying the post-conviction relief motion with instructions to permit Prieto to amend the motion in a manner consistent with this opinion.
Conflict certified; affirmed in part; reversed in part and remanded.
NOTES
[1] Ross' plea predates the adoption of Florida Rule of Criminal Procedure 3.172(c)(8). Compare infra op. at ___ with State v. Sallato, 519 So.2d 605 (Fla.1988)(affirmative misadvice about deportation consequences grounds for Rule 3.850 postconviction relief).
[2] As a general note, the problem facing these defendants stems from recent congressional immigration law amendments. This problem must be addressed by Congress; our court lacks jurisdiction to correct it. The immigration consequences of a felony conviction have become increasingly harsh. A person who has lived in this country with his or her family for many years may consider deportation to be a far more draconian punishment than a brief period of incarceration.
[3] In applying this requirement to Prieto's case, when the court considers whether Prieto had "actual knowledge of immigration consequences" the court should consider Prieto's acknowledgment in his Initial Brief to this court, as reflected in his motion for post-conviction relief, that his counsel "misinformed him that he would not be deported as a result of the plea[.]" Initial Brief, at p. 2.