NESBITT, Judge.
Gustavo Eusse alleges that the trial court improperly neglected to inform him of the immigration law consequences of his guilty plea below. We hold that the writ of error coram nobis is not the appropriate remedy and, therefore, affirm the denial of Eusse’s *1050 writ. See Peart v. State, 705 So.2d 1059 (Fla. 3d DCA 1998) (en banc).
In 1991, the State charged Eusse, a citizen of Colombia, with trafficking in cocaine and conspiracy to traffic in cocaine. On February 11, 1993, he pled guilty to those crimes. The plea colloquy did not address Eusse’s being subject to deportation as a possible result of his guilty plea, although the colloquy was complete in all other respects. Eusse’s attorney stated under oath that he had informed Eusse of the possible immigration law consequences of the guilty plea, though Eusse denies this. In September 1994, Eusse was deported due to the convictions.
On February 1, 1996, Eusse was convicted in federal court of illegal reentry into the United States after deportation. His federal sentence was enhanced due to his state cocaine trafficking convictions. Eusse petitioned for a writ of error coram nobis or, in the alternative, moved for posteonviction relief pursuant to Rule 3.850. The trial court denied relief. We affirm.
This Court’s recent en banc decision in Peart v. State established that the writ of eiTor coram nobis is not the proper remedy for a defendant alleging that his plea was involuntary because the trial judge neglected to inform him of the possible deportation consequences of a guilty or nolo contendere plea. Florida Rule of Criminal Procedure 3.172(e)(8), which became effective on January 1, 1989, requires the trial judge to so inform all defendants. The rationale of the Peart holding was that the function of the error eoram nobis writ is to correct fundamental errors of fact, not errors of law. See Peart, 705 So.2d at 1062. An irregularity in the plea colloquy is an error of law, for which the proper remedy is a Rule 3.850 motion. A Rule 3.850 motion must be filed within two years of the defendant’s sentence becoming final. See Fla. R.Crim. P. 3.850(b). Here, Eusse’s convictions on the state cocaine trafficking charges became final over two years ago.
Eusse claims that, in his case, it is permissible to bring a Rule 3.850 motion after the two-year period because the facts upon which it is predicated were not known to him during that period. However, as the Court held in Peart, a defendant’s claim that his Rule 3.850 motion was timely if it was brought when he learned of deportation proceedings is not newly discovered evidence and, thus, does not fall within Rule 3.850(b)(1). See Peart, 705 So.2d at 1062.
Here, Eusse did not even file the motion in 1994, when he learned of his imminent deportation. The motion was not filed until March 1996, after Eusse’s 1993 state convictions were used to enhance the sentence on his February 1996 federal conviction. The collateral effect of the 1993 conviction on the sentence for a later crime cannot support granting posteonviction relief pursuant to Rule 3.850. See, e.g., Rhodes v. State, 701 So.2d 388 (Fla. 3d DCA 1997); State v. Fox, 659 So.2d 1324, 1327 (Fla. 3d DCA 1995).
Accordingly, we affirm the trial court’s denial of Eusse’s petition for writ of error coram nobis and its denial of his alternative motion for posteonviction relief.