714 So.2d 1195 (1998)
Era GREGERSEN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1373.
District Court of Appeal of Florida, Fourth District.
August 5, 1998.
*1196 Neal Randolph Lewis, Miami, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
In January 1986 appellant, a German national with permanent resident alien status in the United States, entered a plea after being charged with grand theft and writing worthless checks. She received probation which was terminated in 1987. In 1996 she filed this petition for writ of coram nobis alleging that she was not informed that her adjudication would have an adverse effect on her status as a resident alien. The state responded alleging, among other things, that her claim was barred by laches. The trial court denied the petition without having an evidentiary hearing, and appellant appeals. We affirm.
The third district has recently concluded that a trial court's failure to inform a defendant of the deportation consequences of a plea is not a basis for coram nobis relief. In Peart v. State, 705 So.2d 1059 (Fla. 3d DCA 1998), the third district noted that the function of coram nobis is to correct errors of fact, not errors of law, and concluded that the court's failure to inform a defendant about deportation consequences is an error of law, explaining:
In these cases, the defendants do not seek coram nobis relief asserting errors of fact or newly discovered evidence, but rather on the basis of an error of law, to wit, an irregularity in their plea colloquy rendering their pleas involuntary.
Id. at 1062.
In one of the earliest cases allowing a writ of coram nobis in Florida, Nickels v. State, 86 Fla. 208, 98 So. 502 (Fla.1923), the defendant in a rape case was attempting to set aside a plea of guilty which he knew would result in his being hanged. He alleged that he had entered his plea because he was afraid of being killed through mob violence. After acknowledging that coram nobis is available only for errors of fact and not errors of law, the Florida Supreme Court held that a plea of guilty entered through fear or coercion is an error of fact which may be challenged by coram nobis.
The plea in Nickels was, of course, an involuntary plea. So was the plea in Peart, as the third district recognized in the above quote. In light of Nickels, which was not cited in Peart, we conclude that the involuntary plea in the present case is an error of fact, not an error of law, and certify conflict with Peart.
Having concluded that the coram nobis is available to correct the type of error alleged, we must now address the defense raised by the State, laches. At this time, over ten years after entry of the plea, there is no transcript available of the plea colloquy. The state, in its response filed in the trial court, attached a copy of a letter from the court reporting office advising that they could not provide transcripts because the reporter's notes were no longer available.
We conclude, under these circumstances, that appellant's claim is barred by laches. State v. Caudle, 504 So.2d 419 (Fla. 5th DCA 1987)(laches barred motion to vacate nine to ten year old convictions because court records had been destroyed pursuant to statutory authority). See also Anderson v. Singletary, 688 So.2d 462 (Fla. 4th DCA 1997)(laches bars post-conviction relief claim when the delay has been unreasonable and has resulted in prejudice to the state due to *1197 the unavailability of the record).[1]
Affirmed.
WARNER and FARMER, JJ., concur.
NOTES
[1] This plea occurred before January 1, 1989, after which trial judges were required by Florida Rule of Criminal Procedure 3.172(c)(8) to inform defendants about deportation consequences. Our conclusion that laches is applicable makes it unnecessary for us to address the pre-1989 issue or Wood v. State, 698 So.2d 293 (Fla. 1st DCA 1997), rev. granted, 699 So.2d 1377 (Fla.1997)(coram nobis has a two year statute of limitations).