PER CURIAM.
The State of Florida appeals an order granting Boris Masip’s petition for writ of error coram nobis. We reverse.
On May 3,1989, Masip was charged with committing a lewd assault on a minor. Masip pleaded no contest to the charge and, on May 4, 1989, he was sentenced to three years probation. At some point thereafter, deportation proceedings were instituted against Masip, who is a native of Columbia. On January 15, 1998, Masip moved to vacate his plea and set aside the judgment via a petition for writ of error coram nobis, arguing that his plea was not voluntarily entered because he was not made aware that his plea would subject him to deportation proceedings. The trial court granted Masip’s petition and this appeal followed.
A petition for a writ of error coram nobis should be granted only where *432 no other remedy is available. See Russ v. State, 95 So.2d 594 (Fla.1957); Peart v. State, 705 So.2d 1059 (Fla. 3d DCA), rev. granted, 722 So.2d 193 (Fla.1998). The adoption of Florida Rule of Criminal Procedure 3.850 has limited coram nobis applicability to instances where a person is not in state custody and is thereby precluded from obtaining 3.850 relief. See Richardson v. State, 546 So.2d 1037 (Fla.1989).
Here, Masip was in state custody for three years. See State v. Bolyea, 520 So.2d 562 (Fla.1988) (holding that court-ordered probation constitutes “custody” for 3.850 purposes); Peart v. State, 705 So.2d at 1062. Consequently, he could have raised the present claim by way of a timely 3.850 motion. He failed to do so.
The instant coram nobis petition represents nothing more than an attempt to circumvent rule 3.850’s time limitation. The writ cannot be used for such a purpose. See Peart v. State, 705 So.2d at 1062.
Accordingly, the order under review is reversed and the cause is remanded to the trial court with directions to deny Masip’s petition for writ of error coram nobis.
Reversed and remanded.