748 So.2d 301 (1999)
Rudy SOMINTAC, Appellant,
v.
The STATE of Florida, Appellee.
No. 99-0262.
District Court of Appeal of Florida, Third District.
September 29, 1999.
Rehearing Denied January 12, 2000.
*302 Arthur Joel Berger, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Michael Neimand, Assistant Attorney General, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.
PER CURIAM.
Rudy Somintac appeals an order denying his petition for writ of error coram nobis. We affirm on authority of Peart v. State, 705 So.2d 1059 (Fla. 3d DCA 1998), review granted, 722 So.2d 193 (Fla.1998).
In 1994 appellant entered a no contest plea to the charge of lewd assault. He completed his sentence.
In 1998, appellant filed a petition for writ of error coram nobis in the trial court, seeking to set aside the plea because the court and trial counsel failed to advise him that his plea of no contest might subject him to deportation. By virtue of the Florida Supreme Court's recent decision Wood v. State, 750 So.2d 592 (Fla. 1999), the petition is timely. The court has allowed a two-year period from May 27, 1999, "within which to file claims traditionally cognizable under coram nobis." Id.
The State argues that appellant's petition is time-barred because more than two years have elapsed from the plea date. For this argument the State relies on Vonia v. State, 680 So.2d 438 (Fla. 2d DCA 1996), cited by the Florida Supreme Court in the Wood decision. If the State's analysis were correct, then the Florida Supreme Court would have denied relief to Wood, who was attacking a plea entered ten years previously. The court held that Wood would be given the benefit of the newly-created two-year time window to file his claim. As we read Wood, appellant in this case receives benefit of the two-year time window and his claim is not time-barred.
Turning to the merits, appellant concedes that this court has held coram nobis relief to be unavailable in these circumstances. In Peart, this court said:
In these cases, the defendants do not seek coram nobis relief asserting errors of fact or newly discovered evidence, but rather on the basis of an error of law, to wit, an irregularity in their plea colloquy rendering their pleas involuntary. State v. Garcia, 571 So.2d 38 (Fla. 3d DCA 1990). Moreover, these petitions for relief do not assert claims "of such a vital nature that had they been known to the trial court, they conclusively would have prevented the entry of the judgment." Hallman, 371 So.2d at 485. Coram nobis relief, therefore, is not the appropriate remedy.
705 So.2d at 1062. Thus, under this court's precedent, relief must be denied because this type of defect in a plea colloquy is, in this court's view, not traditionally cognizable under coram nobis.
On this point we certify direct conflict with Kalici v. State, 24 Fla. L. Weekly D1714, ___ So.2d ___, 1999 WL 512133 (Fla. 4th DCA July 21, 1999), and Gregersen v. State, 714 So.2d 1195 (Fla. 4th DCA 1998), review granted, 728 So.2d 205 (Fla. 1998).
Affirmed; direct conflict certified.