786 So.2d 583 (2000)
William Dan PERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-381.
District Court of Appeal of Florida, First District.
February 28, 2000.
Kelly M. Sale of Daniel & Komarek, Panama City, and Douglas E. Kingsbery of Tharrington Smith, L.L.P., Raleigh, North Carolina, for appellant.
Robert A. Butterworth, Attorney General; Mark C. Menser, Assistant Attorney General, Tallahassee, for appellee.
WOLF, J.
Appellant challenges the trial court's denial of his petition for a writ of error coram nobis. The issue is whether the trial court erred in summarily denying appellant's request to vacate his uncounseled conviction for theft of a motor vehicle. The trial court found that coram nobis was not available for the relief requested by appellant, and that the claims raised in the petition were barred by the doctrine of laches.
While we share some of the trial court's concern regarding the appropriateness of coram nobis in these circumstances, we determine that coram nobis was, in fact, the appropriate procedural vehicle for the relief requested under existing precedent; thus, appellant's petition should have been treated as having been timely filed under the supreme court's decision in Wood v. State, 750 So.2d 592 (Fla.1999). We also *584 conclude that the determination of whether the defense of laches applied involved factual issues not properly resolved without an evidentiary hearing. See Weir v. State, 319 So.2d 80, 81 (Fla. 2d DCA 1975). The law concerning the applicability of coram nobis, however, is unclear. We, therefore, certify a question of great public importance concerning the applicability of the Wood decision and coram nobis to situations where the alleged error to be corrected concerns whether the law was properly applied to facts whose existence were known, or should have been known through the exercise of due diligence, at the time the alleged error occurred.
In his petition, appellant alleged that his conviction resulted from an involuntarily entered and uncounseled plea. Appellant, then 19, and two other men were stationed at Tyndall Air Force Base in 1959. The young men had been drinking at a bar when they decided to appropriate a motorcycle from its rightful owner. Appellant and the other riders were arrested before they could return the motorcycle, and they were each charged with a single count of grand larceny. Appellant claimed in his petition that the three youths simply used the motorcycle to "joyride," and had no intention of actually keeping the bike. All participants pled guilty and received five years of probation. Appellant, thus, never served any time in jail pursuant to his plea.
Appellant claimed in his petition that his plea had not been intelligently and voluntarily entered because he had not understood the elements of the crime (namely, the necessity of having a permanent intent to deprive), his status as an unrepresented indigent man, and the coercion of the prosecutor.[1] If appellant's claims were properly filed in a petition for a writ of error coram nobis, then his claims were timely under Wood because his petition was filed within the two-year window period identified in Wood.
In Wood, the supreme court held that claims which previously could have been filed by persons who were not in custody pursuant to coram nobis were now to be filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. See Wood, 750 So.2d 592-97. The court also determined that the two-year time limitation contained in rule 3.850 would apply only to defendants adjudicated guilty after the filing date of the decision in Wood; the court determined that defendants adjudicated guilty prior to the filing date of the opinion "shall have two years from the filing date within which to file claims traditionally cognizable under coram nobis." Id. at 595. We, therefore, are required to consider the applicability of coram nobis to appellant's claims.
In State ex rel. Butterworth v. Kenny, 714 So.2d 404 (Fla.1998), the supreme court explained the historical scope of the writ of error coram nobis and its current limited applicability in the context of criminal postconviction proceedings:
Historically ... the writ of [error] coram nobis applie[d] to situations in which the petitioner [was] held after judgment and sentence by due process of law, and the claim [was] not that [the] petitioner [was] unlawfully detained but that an error [had] occurred in the process and judgment. The grounds upon which a court [could] issue a writ of *585 error coram nobis [were] more narrowly restricted than those which allow[ed] relief by habeas corpus.
. . . .
[W]hile ... coram nobis [is] still used in the postconviction process, [its] use is somewhat limited.
. . . .
A petition for a writ of error coram nobis is [now] filed to bring to the attention of a court facts that, if known at the time judgment was rendered, would have prevented rendition of the judgment.
Id. at 408-409 nn. 3 & 5. See also Jones v. State, 591 So.2d 911, 915 (Fla.1991)(quoting Hallman v. State, 371 So.2d 482, 485 (Fla.1979): "The general rule repeatedly employed by this Court to establish the sufficiency of an application for writ of error coram nobis is that the alleged facts must be of such a vital nature that had they been known to the trial court, they conclusively would have prevented the entry of the judgment.")
In Wood, the court again emphasized the limited purpose of the writ of error coram nobis:
The function of a writ of error coram nobis is to correct errors of fact, not errors of law. The facts upon which the petition is based must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that the defendant or his counsel could not have known them by the use of diligence.
Wood, 750 So.2d at 593.
The trial court reasoned in the subject case that appellant's claim constituted a challenge to the voluntariness of his plea based on coercion, rather than a challenge to the plea based on a lack of representation. We conclude that the two claims are so interrelated that they both must be considered in determining the availability of coram nobis.
Under the historical approach as previously stated, the claims in this case would not be cognizable in coram nobis proceedings. We are not dealing with facts unknown to the parties at the time of the plea or which could not have been discovered through the use of due diligence, but rather questions of law related to the voluntariness of the plea in light of known facts and the validity of the plea in light of appellant's known status as an unrepresented indigent defendant. Nevertheless, recent case law seems to indicate that such issues are cognizable in coram nobis proceedings.
In Wood, the defendant had claimed in his coram nobis petition that his plea had not been knowingly and voluntarily entered because his lawyer had not apprised him of all the collateral consequences of the plea. See Wood, 750 So.2d 592-93. In Weir, the second district specifically held that coram nobis was available in a situation where a defendant wished to challenge a 30-year-old plea-based conviction on grounds that "at the time of the entry of his judgment and sentence he was a youth of twenty years of age, uneducated in the law and without any funds with which to obtain legal assistance in his defense." See Weir, 319 So.2d at 80-81. The facts in Weir are remarkably similar to those in the instant case.
More recently, in Gregersen v. State, 714 So.2d 1195 (Fla 4th DCA), rev. granted, 728 So.2d 205 (Fla.1998), the fourth district held that coram nobis was available to attack the voluntariness of a plea where the defendant alleged that she had not been informed, at the time she entered her plea, of the deportation consequences of the plea. See id. at 1196. In reaching its conclusion the fourth district relied on Nickels v. State, 86 Fla. 208, 98 So. 502 *586 (1923), in which a defendant sought to have his plea set aside on grounds that he had entered the plea because he had been afraid of mob violence. The fourth district noted in Gregersen that the supreme court in Nickels had acknowledged that coram nobis was only available for errors of fact, but had nonetheless held that a guilty plea entered through fear or coercion constituted an error of fact which could be challenged by coram nobis. See Gregersen, 714 So.2d at 1196. In Knibbs v. State, 756 So.2d 112 (Fla. 2d DCA 1999), the second district reached a similar conclusion and noted that, under that district's existing precedents, a claim challenging the voluntariness of a plea was cognizable in coram nobis proceedings, even if characterized as involving a legal error rather than an error of fact. See id. at 113.
The third district, however, has held that coram nobis is not available in circumstances similar to those that existed in Gregersen. See Peart v. State, 705 So.2d 1059, 1062 (Fla. 3d DCA 1998) (en banc). In State v. Garcia, 571 So.2d 38 (Fla. 3d DCA 1990), the third district reached the same result in a case where a defendant had sought to challenge, through a petition for a writ of error coram nobis, a 14-year-old plea-based conviction on grounds that the plea had not been knowingly and intelligently entered because neither defense counsel nor the trial court had advised the defendant prior to the entry of his plea of all the possible collateral consequences of the plea. See id. at 38-39. The court in Garcia held that the allegations contained in the defendant's petition in that case had shown no error of fact which could entitle the defendant to coram nobis relief. See id. at 39.
There is obvious confusion and conflict concerning the availability of coram nobis in circumstances such as were presented in this case; therefore, we certify the following question to be one of great public importance:
WHETHER THE DECISION IN WOOD V. STATE, 750 So.2d 592 (FLA. 1999), AUTHORIZES THE USE OF CORAM NOBIS IN CIRCUMSTANCES WHERE THE ALLEGED ERROR TO BE CORRECTED CONCERNS WHETHER THE LAW WAS PROPERLY APPLIED TO FACTS WHICH WERE KNOWN, OR SHOULD HAVE BEEN KNOWN THROUGH THE EXERCISE OF DUE DILIGENCE, AT THE TIME THE ALLEGED ERROR OCCURRED?
While laches may very well be applicable in this case, we cannot determine that it exists as a matter of law here. In Weir, a case factually indistinguishable from the instant case, the court held, "[T]he mere passage of time, standing by itself, would not constitute the prejudice necessary to support a finding of laches." Weir, 319 So.2d at 81. In Gregersen, the fourth district determined that the defense of laches applied in that case because the record before the court established that there had been no transcript available and that the court reporter's notes were also no longer available. See Gregersen, 714 So.2d at 1196. We cannot make the same determination based on the record before us.
The order is, therefore, reversed, and the case is remanded for an evidentiary hearing or a determination by the trial court that laches exists as a matter of law.
BENTON, J., concurs; JOANOS, J., dissents in part and concurs in part with written opinion.
JOANOS, J., dissents in part, and concurs in part.
I disagree with the majority. While I am aware that the holding in Wood v. *587 State, 750 So.2d 592 (Fla.1999), means that the petition involved in this case is timely, that case is not controlling as to the merits of the petition. The Wood case did involve a petitioner who, similarly to the petitioner in our case, sought to set aside a plea based upon alleged misunderstandings that had existed at the time of the plea. However, the merits of that petition were not considered by the court. The only issue decided by the Supreme Court was "whether writs of coram nobis are subject to the time limitations contained in rule 3.850." Wood at 593. Wood's petition was found not to be time-barred, and the case was remanded for further proceedings. Id. Further, in that case, while not deciding the meritorious aspects of the petition before it, the court referred to its opinion in Hallman v. State, 371 So.2d 482 (Fla. 1979), as describing the contours of a writ of error coram nobis. The court even quoted portions of the Hallman case to the effect that the "`function of a writ of error coram nobis is to correct errors of fact, not errors of law.'" Wood at S241.
The majority opinion states that the claims involved in the case before us historically would not be cognizable in coram nobis proceedings. The Wood case has not changed that. The trial court should be affirmed in its determination that coram nobis is not available for the relief sought by appellant, as the matter relates to an alleged error of law, not of fact.
Consequently, I dissent from the majority's reversal of the trial court. However, I agree that there is obvious confusion and conflict concerning the availability of coram nobis in circumstances such as exist here and, therefore, concur in the decision to certify the question set forth in the majority opinion.
NOTES
[1] We conclude that the trial court properly determined that based on the facts of the case the jury could have found an intent to permanently deprive the victims of their property notwithstanding appellant's assertion that he and the others had intended to return the property. We also agree with the trial court that the information under which appellant had been charged was legally sufficient.