PER CURIAM.
We have for review Kalici v. State, 755 So.2d 680 (Fla. 4th DCA 1999), on the ground of express and direct conflict with Peart v. State, 705 So.2d 1059 (Fla. 3d DCA 1998), quashed 756 So.2d 42 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
We recently held in Peart v. State, 756 So.2d 42 (Fla.2000), that prior to Wood v. State, 750 So.2d 592 (Fla.1999), a noncustodial defendant properly could have sought relief based on a trial court’s failure to advise him or her of the immigration consequences of a plea through a petition for writ of error coram nobis and that defendants have two years from the time they are threatened with deportation to file the pleading. See Peart, 756 So.2d at 46. We emphasize that from Wood forward, claimants should employ a motion pursuant to Florida Rule of Criminal Procedure 3.850 when seeking such relief. We approve the result below since it is consistent with our decision in Peart.
It is so ordered.
SHAW, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
WELLS, C.J., and HARDING and QUINCE, JJ., dissent.