PER CURIAM.
We have for review the decision in Somintac v. State, 748 So.2d 301 (Fla. 3d DCA 1999), which was certified to be in conflict with the opinions in Kalici v. State, 755 So.2d 680 (Fla. 4th DCA 1999), approved, 767 So.2d 451 (Fla.2000), and Gregersen v. State, 714 So.2d 1195 (Fla. 4th DCA 1998), approved, 758 So.2d 106 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
This Court recently held in Peart v. State, 756 So.2d 42 (Fla.2000), that a petition for writ of error coram nobis was the proper vehicle for raising a claim that a noncustodial defendant was not advised of the immigration consequences of a plea and that defendants have two years from the time they are threatened with deportation to file the pleading. See id. at 46. We emphasize that all such claims filed subsequent to our decision in Wood v. State, 750 So.2d 592 (Fla.1999), must be filed pursuant to a motion under Florida Rule of Criminal Procedure 3.850. See Peart, 756 So.2d at 46. Somintac is quashed as being inconsistent with our decision in Peart.
It is so ordered.
SHAW, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
WELLS,-CJ., and HARDING and QUINCE, JJ., dissent.