FULMER, Judge.
Otis Walker appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Walker has stated a facially sufficient claim that his plea was involuntary, we reverse and remand for further proceedings as to that claim. We affirm as to Walker’s other claims without comment.
In 1995, Walker pleaded no contest to two counts of grand theft, trespass to a structure, and petit theft in exchange for which the prosecutor recommended, and the trial court imposed, a sentence of 183 days in county jail with credit for having already served that amount of time. In June 2000, Walker, now a federal prisoner, *365 filed the instant motion to vacate the judgments and convictions alluding to the fact that his prior convictions were used to enhance the sentence he was currently-serving.
Walker challenged the voluntary nature of his plea asserting that he was judicially declared incompetent in June 1989 and that he had been incompetent at the time the plea was entered. To support this assertion, he attached a copy of an order entered on June 24, 1989, in the Circuit Court of Charlotte County adjudging him incompetent to stand trial and committing him to the Department of Health and Rehabilitative Services. Walker alleged that before he entered his plea, he told his counsel that he had been declared incompetent. He also claimed that the plea colloquy was defective in that, among other things, the trial court had not informed him of the rights he was waiving or the consequences of his plea.
The trial court noted that although Walker was not “in custody” on these charges, his claims could be considered under rule 3.850 because his motion was filed less than two years after the Florida Supreme Court issued its opinion in Wood v. State, 750 So.2d 592 (Fla.1999).[1] The court, however, summarily denied Walker’s claims as facially insufficient, stating that the claims were based on conclusions of law and were not factually specific. The court further stated that Walker’s claim of incompetency was without merit because it was based on information, his prior incompetence, that was “not unknown or undis-coverable in 1995.” To demonstrate that Walker had been informed of the consequences of his plea, the court attached a copy of the plea form that Walker had signed in 1995.
Traditionally, claims brought under a petition for writ of error coram nobis were limited to those based on errors of fact, not errors of law. See Perry v. State, 786 So.2d 583 (Fla. 1st DCA 2000), review granted, 767 So.2d 461 (Fla.2000). Recent case law, however, has allowed claims to proceed by means of coram nobis that are based on errors of law related to the vol-untariness of a defendant’s plea in light of known facts. See Peart v. State, 756 So.2d 42 (Fla.2000); Sullivan v. State, 775 So.2d 361 (Fla. 2d DCA 2000); Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000); Perry, 786 So.2d 583.
Here, Walker’s allegation of his mental incompetence is not refuted by the record and is a sufficiently specific allegation to provide a basis to challenge the voluntariness of his plea. See McAroy v. State, 597 So.2d 984 (Fla. 1st DCA 1992); Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982). Accordingly, we reverse that portion of the order denying relief as to Walker’s mental incompetence claim. On remand, the trial court may again summarily deny the claim only if it includes record attachments that conclusively refute the allegation. Otherwise an evidentiary hearing will be necessary. In all other respects, the trial court’s order is affirmed.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, A.C.J., and GREEN, J., concur.

. In Wood v. State, 750 So.2d 592 (Fla.1999), the court amended Florida Rule of Criminal Procedure 3.850 to eliminate the "in custody" requirement and gave defendants adjudicated prior to the opinion two years from date of the opinion (May 27, 1999) within which to file claims traditionally cognizable under a petition for writ of error coram nobis.