786 So.2d 554 (2001)
STATE of Florida, Petitioner,
v.
William Dan PERRY, Respondent.
No. SC00-495.
Supreme Court of Florida.
April 19, 2001.
Rehearing Denied May 29, 2001.
*555 Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, FL, for Petitioner.
Kelly McIntosh of Daniel & Komarek, Chartered, Panama City, FL, for Respondent.
PER CURIAM.
We have for review a decision passing upon the following question certified to be of great public importance:
Whether the decision in Wood v. State, 750 So.2d 592 (Fla.1999), authorizes the use of coram nobis in circumstances where the alleged error to be corrected concerns whether the law was properly applied to facts which were known, or should have been known through the exercise of due diligence, at the time the alleged error occurred?
Perry v. State, 786 So.2d 583, 586 (Fla. 1st DCA 2000). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons stated herein, we answer the certified question in the negative and approve the result of the district court.
In 1959, William Perry, then 19, and two other men were stationed at Tyndall Air Force Base. After drinking at a local bar, the men decided to take a motorcycle from its rightful owner. Perry and the other riders were arrested and each charged with a single count of grand larceny. Although he was indigent and charged with a felony, Perry was not provided with counsel.[1] After spending two weeks in jail, Perry pled guilty to grand larceny and was sentenced to probation, which he completed on July 16, 1962.[2]
In November 1998, Perry filed a writ for error coram nobis, attacking the voluntary and intelligent character of his 1959 plea. In support, Perry asserts that the prosecutor failed to inform him that the intent to permanently deprive the owner is a necessary element of grand larceny. He claims that he was led to believe that he was guilty of grand larceny even though he and his friends used the motorcycle simply to "joyride" and intended to return the bike before they returned to the military base. Perry further claims that his plea was coerced because he was threatened with indefinite continued confinement in jail if he pled not guilty. Perry asserts that if the trial court had known that he did not understand the nature of the charge and that the plea was not voluntary, the court *556 would not have entered the judgment and sentence currently at issue; hence, coram nobis relief is appropriate. Perry contends that he never had a reason to suspect he was not guilty of the felony until 1998, when he consulted an attorney on an unrelated matter.
The trial court denied Perry's application for a writ of error coram nobis, finding that the writ was not available for the claim Perry had raised and further that the claim was barred by laches. The First District reversed this finding, holding that while laches may "very well be applicable in this case," the trial court should have held an evidentiary hearing to determine the issue. Perry, 786 So.2d at 586. Furthermore, the district court concluded that pursuant to this Court's decision in Wood v. State, 750 So.2d 592 (Fla.1999),[3] a coram nobis petition was the appropriate procedural vehicle for obtaining the requested relief. Perry, at 585. However, the court recognized a conflict among the districts as to whether an attack on the voluntariness of a plea could be addressed by a coram nobis petition. Id. Compare Gregersen v. State, 714 So.2d 1195 (Fla. 4th DCA 1998) (holding that a coram nobis petition was available to challenge whether a plea was voluntary), approved, 758 So.2d 106 (Fla. 2000), with Peart v. State, 705 So.2d 1059 (Fla. 3d DCA 1998) (reaching the opposite conclusionthat a coram nobis was not available to challenge whether a plea was voluntary), quashed, 756 So.2d 42 (Fla. 2000).[4]
It is well established that a writ of error coram nobis can correct only errors of fact, not errors of law. Hallman v. State, 371 So.2d 482, 484 (Fla.1979). This Court recently reaffirmed the requirements of a writ of error coram:
The petition should fully assert the evidence upon which the alleged facts may be proven and the source of such evidence. The facts upon which the petition is based must have been unknown at trial, and it must appear that the defendant and counsel could not have known of them by the use of diligence. When the alleged facts are sufficient in legal effectmeaning that if the alleged facts had been known by the trial court at the previous hearing the court probably would not have entered a judgment against the defendantthe next step is for the trial court to determine the truth *557 of the allegations in an evidentiary hearing.
Peart v. State, 756 So.2d 42, 45 (Fla.2000) (citations omitted).
Three requirements are essential in taking a guilty plea: "(1) the plea must be voluntary; (2) the defendant must understand the nature of the charge and the consequences of his plea; and (3) there must be a factual basis for the plea." Williams v. State, 316 So.2d 267, 271 (Fla. 1975). The first condition of a voluntary plea ensures that the plea is made of a defendant's own free will without threats or coercion. Id. Hence, this Court has recognized the availability of a writ of error coram nobis where the petition raises factual allegations that a defendant was forced into pleading guilty to a crime because he was afraid of mob violence. See Nickels v. State, 86 Fla. 208, 98 So. 497 (1923). The second element requires that a defendant be sufficiently informed so that he or she understands the consequences of his or her pleathat the defendant realizes the decision to plead guilty waives some of his or her constitutional rights, like the right to a jury trial, as well as other significant consequences. Williams, 316 So.2d at 271. This Court accordingly has permitted a writ of error coram nobis where the petitioner asserted he was not informed his plea could constitute a "prior offense" in subsequent proceedings. See Wood v. State, 750 So.2d 592 (Fla.1999). See also Peart v. State, 756 So.2d 42 (Fla.2000) (permitting a writ of error coram nobis where petitioners asserted they were not informed that deportation was a possible consequence of their pleas). As another element of ensuring a plea is informed, the defendant must also understand the nature of the charge, ensuring that a defendant knows what particular act he has committed, what law he has violated, and the maximum penalty which may be imposed for the charged offense. Williams, 316 So.2d at 271. Federal courts have allowed petitions for error coram nobis where petitioners asserted their pleas were uninformed because they were not properly advised as to the nature of the charges they faced. See Blalock v. Lockhart, 898 F.2d 1367, 1371 (8th Cir. 1990); United States v. Strother, 434 F.2d 1292 (5th Cir.1970). The final element of taking a plea imposes a duty on the court to satisfy itself that there is a factual basis for the plea before entering judgment. However, the failure of this latter element does not mandate that the court vacate the original plea, so long as the record clearly indicates that the plea was voluntary, that the defendant understood the nature and consequences of his plea, and that no prejudice otherwise results from this failure. Williams v. State, 316 So.2d 267, 275 (Fla. 1975). Accordingly, ensuring that a plea is not based on coercion and that the defendant was properly informed as to the necessary elements of the crime before entering his plea is generally cognizable in a petition for error coram nobis. Such a petition, however, cannot involve facts which were or should have been known at the time of the error.
Perry challenges the voluntary nature of his plea when, as an indigent, unrepresented minor, he faced a felony charge. In reviewing a claim of an involuntary and unintelligent plea, courts look to the totality of the circumstances.[5] In *558 this case, at the time Perry faced the felony charge, he was quite young-so young, in fact, that the State was required to inform his parents or legal guardians that he was facing criminal felony charges. Perry asserts that he was incarcerated for two weeks and was denied access to family or counsel until after he pled guilty.[6] Perry further asserts that neither the indictment nor the prosecutor notified him that an essential element of grand larceny was an intent to permanently deprive the owner of the property. Hence, he entered his plea on the mistaken belief that he was guilty of the charged crime. Based on the age of the defendant and the surrounding circumstances of the plea, a trial court could find that Perry's plea was not voluntary and intelligent and the claimed error could not have been known through the exercise of due diligence at the time the error occurred. The issues as alleged involve a factual determination. In light of the fact that Perry filed this action before this Court's opinion in Wood and that he is no longer in custody,[7] coram nobis is the proper vehicle. See Wood v. State, 750 So.2d 592 (Fla.1999). This, however, does not mean that the petitioner is excused from inordinate delay in filing for relief. The trial court may find the petitioner is barred by laches upon a finding of a lack of due diligence and prejudice to the State. Bartz v. State, 740 So.2d 1243, 1244 (Fla. 3d DCA 1999); Tedder v. State, 495 So.2d 276, 276 (Fla. 5th DCA 1986); Blatch v. State, 389 So.2d 669, 672 (Fla. 3d DCA 1980). We approve the district court's holding that such an issue should be remanded to the trial court for an evidentiary hearing.
For the reasons addressed above, we answer the certified question in the negative and hold that the decision in Wood v. State, 750 So.2d 592 (Fla.1999), authorizes the use of coram nobis in this instance. Based on the forgoing, we approve the result in Perry v. State, 786 So.2d 583 (Fla. 1st DCA 2000), wherein the district court held that the writ of coram nobis was the appropriate procedural vehicle for this claim and remanded this case for an evidentiary hearing on laches.
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
QUINCE, J., dissents with an opinion, in which WELLS, C.J., concurs.
QUINCE, J., dissenting.
I cannot agree with the majority's assertion that the question presented, that is, the voluntariness of Perry's plea based on his understanding of the elements of the crime of grand larceny, is a question of fact that entitles him to have his claim heard in a coram nobis proceeding. As Judge Joanos noted in his dissent, the issue is one of law which, pursuant to Wood v. State, 750 So.2d 592 (Fla.1999), and Hallman v. State, 371 So.2d 482 (Fla. 1979), is not cognizable by way of a petition for writ of error coram nobis. See Perry v. State, 786 So.2d 583, 587 (Fla. 1st DCA 2000) (Joanos, J., concurring in part and dissenting in part). Because the matter *559 involves an issue of law, I would quash the decision of the district court with directions to affirm the trial court's determination that the issue cannot be raised via coram nobis.
WELLS, C.J., concurs.
NOTES
[1] This crime occurred before Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).
[2] Hence, petitioner completed his sentence prior to the release of Gideon and was no longer "in custody" when that opinion was issued.
[3] In Wood, the petitioner originally pled guilty to reckless driving and possession of cocaine. The trial court withheld adjudication and placed him on probation. After he completed his sentence, he was convicted of federal drug offenses. Based on his prior state plea, his federal sentence was increased. He petitioned the state court to set aside his earlier plea, contending that it was not informed and voluntary because his lawyer did not tell him that his plea could be used against him in federal court as a "prior offense." Id. at 593. As Wood was no longer in custody, he filed a writ for error coram nobis, rather than a petition pursuant to Florida Rule of Criminal Procedure 3.850. This Court found that the use of a coram nobis petition was the proper vehicle for Wood to challenge his plea. Moreover, as a coram nobis petition did not have any specific deadline, Wood's petition was found not to be time-barred. Id. at 595. The Court modified rule 3.850, so that the same deadlines and procedures would govern both in-custody and out-of-custody defendants.
[4] This Court has resolved the conflict between Gregersen and Peart. Peart v. State, 756 So.2d 42 (Fla.2000). Specifically, the Court held that a petitioner could use a writ of error coram nobis to claim that his or her plea was not voluntary in cases where the petitioner was not advised as to the deportation consequences of the plea. Hence, this Court approved the decision in Gregersen v. State, 714 So.2d 1195 (Fla. 4th DCA 1998), and quashed the decision in Peart v. State, 705 So.2d 1059 (Fla. 3d DCA 1998).
[5] See United States v. Cusenza, 749 F.2d 473, 475 (7th Cir.1984) (holding that in determining whether a defendant voluntarily and knowingly entered his plea of guilty, courts look to the totality of the circumstances surrounding the plea, taking into account factors such as the complexity of the offense, the characteristics of the defendant, and whether the defendant was represented by counsel).
[6] As addressed above, Perry's plea occurred prior to Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The Court can consider the absence of counsel in determining whether Perry knew or should have know about the alleged error.
[7] As Wood extended rule 3.850 relief to petitioners who were no longer in custody, the need for the writ of error coram nobis was eliminated, and now a petitioner must request such relief through a rule 3.850 motion.