PER CURIAM.
Kevin L. Breen filed a motion in county court seeking to set aside his 1973 DUI conviction. In 1997, the circuit court found that the 1973 conviction was not a constitutional valid conviction for enhancement purposes. Breen had been charged with felony DUI. This court affirmed trial court’s findings. State v. Breen, 709 So.2d 546 (Fla. 4th DCA 1998).
Citing Wood v. State, 750 So.2d 592 (Fla.1999), Breen filed a motion in county court seeking to set aside the 1973 conviction. See also State v. Perry, 786 So.2d 554 (Fla.2001).
While the motion to set aside was filed in county court, the circuit court entered the order denying relief. We reverse, as the circuit court lacked jurisdiction to rule on Breen’s motion. Sutton v. State, 384 So.2d 955 (Fla. 2d DCA 1980). On remand, the county court shall consider the merits of Breen’s claim including the application of Wood to misdemeanors, whether the state’s challenge is barred by the law of the case doctrine, and if not, whether Breen’s claim is barred by laches. Perry, 786 So.2d at 558.
REVERSED AND REMANDED. .
GUNTHER, WARNER and GROSS, JJ., concur.