819 So.2d 884 (2002)
Norris WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-413.
District Court of Appeal of Florida, Fourth District.
June 5, 2002.
*885 Norris Williams, Coleman, pro se.
No appearance required for appellee.
PER CURIAM.
Appellant Norris Williams appeals the trial court order denying his motion for post conviction relief which included a claim for issuance of a writ of error coram nobis. The motion and supporting memorandum of law challenged the adequacy of his plea colloquy in three cases in which appellant's sentencing became final in 1994 and 1995. The trial court's amended order being appealed denied appellant's motion without prejudice to his right to refile another one with the proper verification. The motion contained a defective oath, and the memorandum contained no oath at all.
While appellant's motion was filed within two years of the decision in Wood v. State, 750 So.2d 592 (Fla.1999), allowing coram nobis claims to be raised under rule 3.850, it does not raise the type of claims intended for coram nobis relief. Appellant failed to allege new facts or evidence which could not have been known by him or counsel or could not have been ascertained by due diligence. See Hallman v. State, 371 So.2d 482 (Fla.1979), abrogated on other grounds, Jones v. State, 591 So.2d 911 (Fla.1991); Donton v. State, 810 So.2d 525 (Fla. 1st DCA 2002); Farah v. State, 762 So.2d 989 (Fla. 4th DCA 2000). See also State v. Perry, 786 So.2d 554 (Fla.2001); Baker v. State, 805 So.2d 968 (Fla. 2d DCA 2001).
Further, appellant's challenge to his pleas for failure to advise him of the possible consequence of enhancement of a future sentence is without merit, as recently announced by the Supreme Court of Florida in Major v. State, 814 So.2d 424 (Fla. 2002).
For all of these reasons, our affirmance to the trial court's order is with prejudice, rather than without prejudice as the trial court provided.
WARNER, GROSS and MAY, JJ., concur.