WARNER, J.
In Kalici v. State, 755 So .2d 680 (Fla. 4th DCA 1999), approved, by 767 So.2d 451 (Fla.2000), we reversed the denial of appellant’s petition for writ of error coram no-bis. In the petition, appellant claimed that his conviction should be vacated because he was not informed prior to pleading to the charge that he could be deported as a result. Based upon Wood v. State, 750 So.2d 592 (Fla.1999), we held that the claim was not time barred and reversed for an evidentiary hearing on the claim. Kalici, 755 So.2d at 681.
Upon remand, the trial court held several status hearings on the issue, mainly because appellant could not attend an evi-dentiary hearing due to his deportation. At the last hearing, although not noticed as an evidentiary hearing, the state presented'some evidence that appellant had been deported based upon two convictions, not just the one involved in this case. Therefore, it claimed the fact that appellant was not advised , of the deportation consequences of this conviction was not prejudicial, as he would have been deported regardless of this conviction.
The evidence presented by the state was insufficient to demonstrate that appellant could have been deported for the other conviction alone. The defense asked the court for additional time to present evidence, which the court first agreed to, but then it ruled summarily without an additional hearing.
Because the court denied appellant his right to be heard fully on this issué, -we again reverse the order of dismissal and remand for an evidentiary hearing. ■ The hearing may be limited to whether appellant was prejudiced in his deportation proceedings by the conviction involved in this case. If that is established, the court may conduct such further proceedings as are *898 necessary to consider the remaining issues of the petition.
GUNTHER and STONE, JJ., concur.