PER CURIAM.
The trial court denied Lewis Benjamin Roberson’s Motion for Postconviction Relief on the ground that it was untimely. We conclude that the motion was timely under Wood v. State, 750 So.2d 592 (Fla.1999).
Roberson, in his motion, challenged the voluntariness of his 1995 plea. He alleged that he had been prevented from seeking postconviction relief because he received a suspended sentence and therefore could not meet the custody requirement set forth in Florida Rule of Criminal Procedure 3.850 (1995). Wood amended the rule, deleted the requirement and provided. “[a]ll defendants adjudicated prior to this opinion shall have two years from the filing date within which to file claims traditionally cognizable under coram nobis.” Id. at 595. Coram nobis was traditionally available to obtain relief from mistakes of fact, but not from errors of law. Hallman v. State, 371 So.2d 482, 484-85 (Fla.1979), superseded on other grounds, Jones v. State, 591 So.2d 911 (Fla.1991).
Roberson’s complaint that his trial counsel failed to preserve an issue for appeal is the type of legal error that could not have been raised in a coram nobis petition. We affirm the denial of the motion on that ground.
However, Roberson was entitled to seek relief based on his allegations that his counsel misinformed him that he was entering a plea to a misdemeanor and that the trial court failed to advise him of the rights he was giving up by entering his plea. See Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000)(misadvice of counsel can be raised in motion filed pursuant to *587 Wood), rehearing denied, 784 So.2d at 461 (Fla. 4th DCA 2001); Peart v. State, 756 So.2d 42, 45 (Fla.2000)(petition for writ of error coram nobis was the traditional way for noncustodial movants to allege trial court’s noncompliance with Florida Rule of Criminal Procedure 3.172(c)). We reverse and remand for further proceedings on those two claims only.
STONE, FARMER and HAZOURI, JJ., concur.