PER CURIAM.
Appellant, Larry Mobley, timely challenges the denial of his motion for postcon-viction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant’s motion raised two claims: (1) counsel misadvised him that his plea could not be used against him in the future; and (2) the trial court and counsel failed to advise him that he had the right to plead not guilty and to make the State prove his guilt beyond a reasonable doubt.
The motion was denied for improper oath and untimeliness. We agree with the trial court that the motion contained an improper oath. However, with regard to the first claim, the record does not demonstrate that the motion was untimely. Appellant argued that his motion was timely under Wood v. State, 750 So.2d 592 (Fla.1999)(doing away with in custody requirement of rule 3.850 and holding that claims formerly cognizable under coram nobis could be brought by rule 3.850 within two years of the opinion). In his concurring opinion in Wood, Justice Wells wrote that the Wood exception applies to defendants who were either never incarcerated or incarcerated less than two years.
Both of Appellant’s claims are cognizable coram nobis claims. See Roberson v. State, 792 So.2d 585 (Fla. 4th DCA 2001); Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000). It is not clear that the claims are saved by Wood. The record reflects that Appellant’s sentence on the felony was 2% years prison with credit for 71 days.[1] With gain time, it’s likely that Appellant served less than two years in *1045 prison. However, as Appellant did not allege as such, we find no error in the trial court’s denial of relief, at least with respect to the second claim.
The first claim appears to have been timely as it was filed within two years of when Appellant allegedly discovered that his counsel’s advice was erroneous. See Love v. State, 814 So.2d 475, 477 (Fla. 4th DCA 2002)(citing Bethune v. State, 774 So .2d 4 (Fla. 2d DCA 2000)).
With respect to the second claim, we affirm. With respect to the first claim, we affirm without prejudice to Appellant raising the claim within 30 days of the date of this opinion in a rule 3.850 motion that complies with the oath and procedural history requirements of rule 3.850.
POLEN, C.J., KLEIN and STEVENSON, JJ., concur.

. Although Appellant was also sentenced for a misdemeanor, it is not possible that this sentence led to tire imposition of the habitual offender sentence of which he complained. See § 775.084(l)(a)l, Fla. Stat. (1993).